EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Consejo de Titulares del Condominio Playa Azul II<br><br>Peticionario<br><br>v.<br><br>MAPFRE PRAICO Insurance Company<br><br>Recurrida | Certiorari<br><br>2024 TSPR 140<br><br>215 DPR ___ |

Número del Caso: CC-2024-0110

Fecha: 26 de diciembre de 2024

Tribunal de Apelaciones:

    Panel XI-Especial

Representantes legales de la parte peticionaria:

    Lcda. Claudia A. Rosa Ramos
    Lcdo. Juan Saavedra Castro

Representantes legales de la parte recurrida:

    Lcda. Claudia A. Juan García
    Lcdo. Rafael A. Meléndez Barrionuevo
    Lcda. Katherine Quiñones García

Materia: Procedimiento Civil y Derecho de Seguros: Imposición del pago de intereses por mora sobre una suma ya determinada como líquida y exigible en un dictamen final y firme del Tribunal de Apelaciones; pago de honorarios bajo el Art. 27.165 del Código de Seguros, y la concesión de sanciones por temeridad al amparo de la Regla 44 de Procedimiento Civil.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Consejo de Titulares del Condominio Playa Azul II<br><br>    Peticionario<br><br>        v.<br><br>Mapfre Praico Insurance Company<br><br>    Recurrida | | CC-2024-0110 |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 26 de diciembre de 2024.

En esta ocasión tenemos la oportunidad de expresarnos sobre varias controversias que se están suscitando en la tramitación de reclamaciones contra aseguradoras por los daños causados por el huracán María. Estas impactan la cuantía de la indemnización que un asegurado puede recibir y la tramitación eficiente de estos procedimientos judiciales.

En particular examinaremos: (1) si el Tribunal de Primera Instancia podía imponer el pago de intereses por mora sobre una suma ya determinada como líquida y exigible en un dictamen final y firme del Tribunal de Apelaciones dentro del mismo proceso judicial; (2) si procede el pago de honorarios bajo el Art. 27.165 del Código de Seguros, *infra*, introducido por la Ley Núm. 247-2018; y (3) si ante los

hechos particulares del caso se justifica la concesión de sanciones por temeridad al amparo de la Regla 44 de Procedimiento Civil, *infra*.

Luego de examinar nuestra jurisprudencia respecto a los intereses por mora, concluimos que el Tribunal de Primera Instancia no tiene la autoridad de conceder intereses moratorios sobre una deuda que es declarada líquida y exigible, luego de que la determinación del foro apelativo intermedio se tornara final y firme. Además, conforme con lo dispuesto en *Cons. Tit. 76 Kings Court v. MAPFRE*, *infra*, concluimos que los honorarios de abogado del Art. 27.165 del Código de Seguros, *infra*, están únicamente disponibles cuando la aseguradora no remedia la situación notificada dentro de los sesenta (60) días desde que la notificación requerida por el Art. 27.164, *infra,* fuera hecha. Por último, confirmamos los dictámenes recurridos en cuanto a no conceder sanciones por temeridad.

Así las cosas, procedemos a relatar las incidencias procesales relevantes.

**I**

El 19 de septiembre de 2019, el Consejo de Titulares del Condominio Playa Azul II (Consejo o peticionario) presentó una *Demanda* contra Mapfre Praico Insurance Company (Mapfre o recurrida).[1] Alegó que contaba con una póliza de seguro comercial expedida por Mapfre cuando el bien inmueble

---

[1] Apéndice del *Certiorari*, págs. 430-438.

sufrió daños a consecuencia del huracán María y que Mapfre se rehusó a compensar los daños conforme con la póliza.[2] Por estas razones acumuló las causas de acción siguientes: (1) incumplimiento de contrato; (2) daños y perjuicios; y (3) violación al Código de Seguros.[3] Asimismo, solicitó que el tribunal:

> B. Dicte Sentencia a favor de la Parte Demandante por las violaciones al Código de Seguros, a tenor con la sección 2716(d)(1) del Código de Seguros.
>
> C. Dicte Sentencia [...] por los daños contractuales, las costas judiciales y honorarios razonables de abogados, a tenor con la disposición de la sección 2716(d)(4) del Código de Seguros.
>
> D. Dicte Sentencia [...] por concepto de daños punitivos, a tenor con la sección 2716(d)(5) del Código de Seguros.
>
> E. Dicte Sentencia [...] por concepto de cualquier otro remedio que el Tribunal entienda es justificado por los hechos y proceda en derecho.[4]

Luego, el 5 de noviembre de 2019 y 10 de diciembre de 2019, el Consejo presentó, respectivamente, una *Demanda Enmendada* y *Segunda Demanda Enmendada*.[5] En lo pertinente al caso de autos, el peticionario reclamó el pago de la suma de

---

[2] El Consejo había contratado la Póliza Núm. 1600178001679 expedida por Mapfre vigente para el 20 de septiembre de 2017. El Consejo presentó una reclamación por los daños sufridos por la propiedad por una suma no menor de $6,449,210.60. A esta reclamación se le asignó el número 20191273547. Mapfre estimó y ajustó el costo por la totalidad de la reclamación por la suma de $1,709,386.76, que luego de restar las partidas correspondientes ascendía a la suma neta de $1,277,386.76. *Íd.*, págs. 170-171.

[3] En particular a la causa de acción por violaciones al Código de Seguros expresó: "La Parte Demandante se reserva el derecho a enmendar estas alegaciones según se desarrolle la investigación, ajuste y resolución de la reclamación presentada por la Parte Demandante ante el asegurador, según se dispone la sección 2716b del Código de Seguros". *Íd.*, pág. 31.

[4] *Íd.*

[5] *Íd.*, págs. 34-58.

$1,277,386.76 que Mapfre ajustó.[6] Además, en la *Segunda Demandada Enmendada*, *inter alia*, solicitó:

> F. Intereses pre-sentencia, por el dolo de la parte Demandada y su temeridad en ajustar y pagar la pérdida de la Parte Demandante pronta y correctamente.
>
> G. Cualquier otro remedio que el Tribunal entienda justificado por los hechos y procedente en derecho.[7]

El 23 de junio de 2020, el Consejo presentó una *Moción Solicitando Sentencia Sumaria Parcial o, en la alternativa, Solicitando Orden de Embargo en Aseguramiento de Sentencia*.[8] En la moción, solicitó el pago del ajuste realizado por Mapfre. Argumentó que una vez la aseguradora hace un ajuste, la cuantía incluida en este se convierte en una deuda líquida que puede ser pagada al asegurado aun cuando quede pendiente una porción ilíquida de la reclamación. Luego de varias incidencias procesales, el 12 de noviembre de 2020, el Tribunal de Primera emitió una *Resolución*.[9] En esta declaró No Ha Lugar la solicitud del Consejo, por entender que no estaba ante una deuda líquida y exigible debido a que el peticionario no aceptó la cantidad ofrecida por Mapfre.

Así las cosas, el 23 de noviembre de 2022, el Consejo presentó una *Solicitud de orden de pago del ajuste*.[10] Solicitó nuevamente el pago inmediato del ajuste emitido por

---

[6] Además, el 19 de septiembre de 2019, el peticionario notificó a Mapfre y a la Oficina del Comisionado de Seguros un *Formulario de Notificación Previo a Entablar una Acción Civil a Tenor con el Artículo 27.164 del Código de Seguros de Puerto Rico*. *Íd.*, pág. 56.
[7] *Íd.*, págs. 461-462.
[8] *Íd.*, págs. 78-86.
[9] *Íd.*, págs. 168-177.
[10] *Íd.*, págs. 178-191.

Mapfre, sin que se considerara una renuncia a los derechos que le cobijan conforme a la póliza, el Código de Seguros y su reglamento. Sobre este asunto el foro de primera instancia emitió y notificó una *Resolución* el 20 de diciembre de 2022.[11] En esta declaró Sin Lugar la solicitud de pago del Consejo. Aún insatisfecho, el 8 de febrero de 2023, el peticionario presentó ante el Tribunal de Apelaciones un recurso de *Certiorari* (KLCE202300122), donde suplicó que se revocará la *Resolución* y se ordenará a Mapfre a pagar la suma reconocida en su ajuste.[12]

El 30 de marzo de 2023, el foro apelativo intermedio emitió una *Sentencia* (en adelante "*Primera Sentencia*") en la cual expidió el recurso y revocó al Tribunal de Primera Instancia.[13] Específicamente ordenó "a Mapfre [a] pagar de inmediato al [Consejo] $1,277,104.32 dólares, según fue previsto en el ajuste inicial de reclamación presentado [sic]".[14] El foro apelativo intermedio entendió que conforme con *Feliciano Aguayo v. MAPFRE*, 207 DPR 138 (2021) y *Carpets & Rugs v. Tropical Reps*, 175 DPR 614 (2009), no era necesario esperar por la resolución de todas las reclamaciones hechas por el Consejo, para ordenar el pago de la cantidad identificada por Mapfre en el ajuste inicial.[15] Concluyó que la suma ofrecida en el ajuste era líquida por representar la postura institucional de la aseguradora a la reclamación del

---

[11] *Íd.*, págs. 213-219.
[12] *Íd.*, págs. 237-260.
[13] *Íd.*, págs. 272-298.
[14] *Íd.*, pág. 298.
[15] *Íd.*, pág. 297.

asegurado, por lo que era la suma mínima que esta tenía la obligación de entregar.[16]

Tras solicitar sin éxito la reconsideración, Mapfre recurrió en alzada ante este Tribunal mediante un recurso de *certiorari* (CC-2023-0343), el cual fue rechazado.[17] El Consejo no recurrió en alzada sobre los asuntos comprendidos en la *Primera Sentencia*. El mandato del Tribunal de Apelaciones fue remitido al Tribunal de Primera Instancia el 26 de octubre de 2023. Además, no existe contención de que la suma de dinero por el ajuste inicial fue pagada por Mapfre el 27 de octubre de 2023.[18]

El 3 de noviembre de 2023, el Consejo presentó ante el Tribunal de Primera Instancia un *Memorando Solicitando Pago de Intereses, Costas y Honorarios de Abogad[o]s*. En este alegó que, sobre la suma ordenada por el Tribunal de Apelaciones, Mapfre no ha pagado los intereses por mora, intereses legales ni honorarios de abogado, partidas que el Consejo reclamó tener derecho a recibir.[19] En primer lugar, entendió que, conforme con el Art. 1061 del Código Civil de 1930, *infra*, tenía derecho al pago del interés moratorio desde que radicó la *Demanda Enmendada* hasta la fecha en que se dictó la *Primera Sentencia*. Además, arguyó que era evidente la temeridad de Mapfre al negarse a pagar su ajuste asumiendo una postura incompatible con la buena fe en el

---

[16] *Íd.*, págs. 296-297.
[17] *Íd.*, págs. 339 y 599.
[18] *Íd.*, págs. 340 y 382.
[19] *Íd.*, págs. 340-348.

contexto de los contratos de seguro. Por otra parte, reclamó que conforme a los términos del Art. 27.165 del Código de Seguros, *infra,* era mandatorio imponer en contra de Mapfre el pago de una suma razonable en concepto de honorarios de abogado por la cuantía de la *Primera Sentencia.* Por último, solicitó la imposición de intereses legales conforme con la Regla 43.3(a) de Procedimiento Civil, *infra*.

Ante la solicitud del Consejo, el 13 de noviembre de 2023 Mapfre presentó una *Oposición al memorando solicitando pago de intereses, costas y honorarios de abogad[o]s.* En esta se opuso a la solicitud de intereses por mora, honorarios por temeridad y honorarios de abogado del Consejo. No obstante, aceptó los intereses legales conforme a la Regla 44.3 de Procedimiento Civil, *infra*, sobre el principal a partir de la *Primera Sentencia* y consignó el pago de estos por el periodo de siete meses y medio.[20]

El 14 de noviembre de 2023, el Tribunal de Primera Instancia emitió una *Resolución* concediendo en parte la petición.[21] En cuanto a los honorarios de abogado bajo el Art. 27.165 del Código de Seguros, *infra*, entendió que, debido a que en la *Primera Sentencia* el Tribunal de Apelaciones no abordó los elementos de este, no le competía hacerlo. Además, entendió que procedían los intereses por mora y ordenó su pago, calculados a partir de la presentación de la *Demanda Enmendada*. De igual forma, ordenó el pago de

---

[20] *Íd.*, págs. 382-387.
[21] *Íd.*, págs. 598-601.

los intereses legales, calculados a partir de la *Primera Sentencia*, pero no hizo determinación sobre la solicitud de temeridad.

Tras infructuosamente solicitar reconsideración, el 9 de enero de 2024, Mapfre presentó una *Petición de Certiorari* (KLCE202400031) al Tribunal de Apelaciones, para revisar la imposición de intereses por mora.[22] Particularmente arguyó que el Consejo renunció a estos intereses al no solicitarlos mediante la presentación oportuna de una moción de reconsideración o un recurso de revisión luego de emitirse la *Primera Sentencia*.

Un día después, el 10 de enero de 2024, el Consejo de Titulares presentó una *Petición de Certiorari* (KLCE202400039) al Tribunal de Apelaciones en la cual argumentó que el Tribunal de Primera Instancia erró al no conceder honorarios de abogado al amparo del Código de Seguros y sanciones por temeridad bajo las Reglas de Procedimiento Civil.[23] Según surge del recurso, el Consejo razonó que el Art. 27.165 del Código de Seguros, *infra*, hace mandatorio la imposición de honorarios de abogado cuando recae una sentencia en donde el asegurado prevalece en el tribunal. Además, argumentó que Mapfre actuó de forma temeraria al no emitir el pago del ajuste de manera oportuna.

Los recursos fueron consolidados y el 30 de enero de 2024, el Tribunal de Apelaciones emitió una *Sentencia*

---

[22] *Íd.*, págs. 1-21.
[23] *Íd.*, págs. 399-427.

(*Segunda Sentencia*) en donde expidió el recurso de Mapfre (KLCE202400031), pero denegó el del Consejo (KLCE202400039). Consecuentemente revocó la concesión de los intereses por mora. Resaltó que por la cantidad adjudicada en la *Primera Sentencia* el Consejo renunció a los intereses por mora al no presentar su solicitud en ese recurso. Recalcó que estos intereses, al no ser una parte integral e inherente de la obligación principal, son un derecho personal del acreedor y renunciable si este no recurre a un tribunal revisor de la omisión de la primera instancia judicial en consignarlos. Entendió que, al no solicitarlos mediante una moción de reconsideración o acudiendo en alzada al Tribunal Supremo, era forzoso concluir que el Consejo renunció a su derecho de cobrar los intereses por mora. Así las cosas, el Consejo no podía presentar su petición luego de que la *Primera Sentencia* advino final y firme.

Por otra parte, el Tribunal de Apelaciones concluyó que el foro primario actuó correctamente al denegar la petición de honorarios de abogado bajo el Art. 27.165 del Código de Seguros y denegó ejercer su función revisora sobre ese asunto. De igual forma, negó revisar si el Tribunal de Primera Instancia debió imponer sanciones por temeridad.

Inconforme, el 1 de marzo de 2024, el Consejo compareció ante este Tribunal mediante una *Petición de Certiorari* y le imputó al Tribunal de Apelaciones haber cometido los errores siguientes:

(1) Erró el Tribunal de Apelaciones al revocar al Tribunal de Primera Instancia y resolver que no procedía el pago de intereses por mora a favor de la parte asegurada.

(2) Erraron el TPI y el TA al no conceder a favor de la parte asegurada una partida en concepto de costas y honorarios de abogado al amparo del Artículo 27.165 del Código de Seguros.

(3) Erraron el TPI y el TA al no conceder a favor de la parte asegurada los remedios provistos en la Regla 44 de Procedimiento Civil, ante la conducta temeraria de Mapfre.

Contando con el beneficio de la comparecencia de ambas partes, y habiéndose expedido el auto de *certiorari*, procedemos a resolver.

## II

## A.

En primer lugar, examinamos las disposiciones del Código Civil de 1930 que conciernen la indemnización por mora.[24] En nuestro ordenamiento civil se reconocen como fuentes de las obligaciones la ley, los contratos y cuasicontratos, y los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia. Art. 1042 de Código Civil de 1930, 31 LPRA ant. sec. 1042. Además, una persona está sujeta a indemnizar los daños y perjuicios causados cuando en el cumplimiento de una obligación incurre en dolo, negligencia o **morosidad**. Art. 1054, Código Civil de 1930, 31 LPRA ant. sec. 3018.

---

[24] El Código Civil de Puerto Rico de 1930 fue derogado con la aprobación del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, 31 LPRA sec. 5311 *et seq*. No obstante, por ser la ley vigente al momento de los hechos se hace referencia al Código Civil derogado. *Véase* Arts. 1808 y 1812 del Código Civil de 2020, 31 LPRA secs. 11713 y 11717.

Así las cosas, el deudor incurre en mora cuando el acreedor exige, judicial o extrajudicialmente, el cumplimiento de la obligación. Art. 1053 del Código Civil de 1930, 31 LPRA ant. sec. 3017. Sobre la mora en el cumplimento de una obligación los comentaristas señalan que deben concurrir los requisitos siguientes: (1) una obligación de dar o hacer; (2) que el acreedor requiera el cumplimiento al deudor judicial o extrajudicialmente; (3) que la obligación sea exigible y líquida, y esté vencida; (4) que el retraso sea imputable al deudor, y (5) que el retraso en cumplir se haya producido por la culpa del deudor. *Véase*, L. Díez-Picazo y A. Gullón, *Sistema de Derecho Civil*, 11ma ed., Madrid, Ed. Tecnos, 2023, Volumen II, Tomo 1, págs. 191-192. J. Castán Tobeñas, *Derecho Civil Español, Común y Foral*, 17ma ed., Madrid, Ed. Reus S.A., 2008, Tomo III, págs. 238-240.

El Art. 1061 del Código Civil de 1930, 31 LPRA ant. sec. 3025, aborda que la indemnización en caso de mora consiste en el pago de intereses. Este artículo dispone en lo pertinente que:

> Si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal.

De igual forma, en *Rivera v. Crescioni*, 77 DPR 47, 56 (1954), expresamos que los intereses por mora "son una indemnización independiente de daños y perjuicios, impuesta como penalidad por la demora en el pago". Por consiguiente, estos "[n]o constituyen parte integrante e inherentemente

inseparable de la obligación principal". *Íd.* La indemnización por intereses moratorios es un derecho personal del acreedor, que puede ser renunciado. *Íd.* Así las cosas, Castán Tobeñas señala:

> Los efectos de la mora desaparecen por lo que se llama purga de la misma (*purgatio morae*). Aunque el Código Civil no la regula, puede decirse que la mora cesa: 1) Por voluntad del acreedor, como en los casos de renuncia al pago de la indemnización debida, concesión de prórroga, novación de la obligación, etc. [. . .] 2) por concesión de un plazo legal al deudor (moratorias). 3) Por incurrir también el acreedor en mora (*compensatio morae*). J. Castán Tobeñas, *op. sic.,* pág. 244.

Cuando una parte incurre en mora, el Tribunal sentenciador puede conceder intereses aun cuando estos no hayan sido solicitados en la demanda. *Fuentes v. Hull Dobbs Co. of P.R.*, 88 DPR 562, 571(1963).[25] **No obstante el interés moratorio tiene que estar expresamente incluido en la Sentencia para ser recobrado.** *Rivera v. Crescioni*, *supra*.

Este Tribunal ha considerado cómo debe una parte proceder ante la omisión del Tribunal de Primera Instancia en fijar en la Sentencia el interés moratorio. En *Rivera v. Crescioni*, *supra,* pág. 55, expresamos que:

> [E]l tribunal de primera instancia no incluyó en su sentencia pronunciamiento alguno en cuanto a intereses, no condenó al demandado a pagar intereses al demandante. No obstante tal omisión, el demandante no ha apelado ante este Tribunal de la sentencia dictada por el tribunal a quo, no ha

---

[25] Cabe resaltar que lo anterior está acorde con la norma reiterada de que en la Demanda no hay que especificar bajo qué disposición legal se reclama, pero de los hechos alegados debe surgir una causa de acción bajo cualquier ley. *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998). De igual forma, la Regla 42.4, 32 LPRA Ap. V, dispone que "[t]oda sentencia concederá el remedio a que tenga derecho la parte a cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones".

impugnado ante este Tribunal la omisión del tribunal sentenciador de condenar al demandado a pagar intereses. Este Tribunal no puede añadir a la sentencia determinada indemnización en daños y perjuicios si la persona con derecho a tal indemnización no ha apelado ante este Tribunal de la omisión del tribunal de primera instancia de incluir tal indemnización en su sentencia, esto es, si la persona que hubiese de recibir el pago de la indemnización no ha impugnado tal omisión ante este Tribunal. Un tribunal de apelaciones no puede aumentar la cuantía de una sentencia, especialmente en cuanto a indemnizaciones por daños y perjuicios, si la persona en cuyo favor se haya dictado la sentencia no ha apelado la sentencia y no ha presentado cuestión alguna ante este tribunal en cuanto a la cuantía de la sentencia.[26]

En síntesis, **la parte con derecho a la indemnización dispuesta en el Art. 1061 del Código Civil de 1930,** *supra*, **tiene que recurrir de la omisión antes de que el dictamen se torne final y firme, lo anterior mediante la presentación de una moción de reconsideración o un recurso de revisión ante un tribunal revisor. De no recurrir de manera oportuna se entiende que la parte renunció a su derecho de cobrar estos intereses.**

### B.

Según hemos reiterado, la Ley Núm. 247-2018, 26 LPRA secs. 2716d, 2716e y 3805, fue aprobada luego de que la Asamblea Legislativa examinara la respuesta de la industria de seguros tras el paso de los huracanes Irma y María. De

---

[26] De manera similar en *P.R. & Ame. Ins. Co. v. Tribunal Superior*, 84 DPR 621, 623 (1962) (Sentencia), resolvimos que:

> Los intereses de mora no están en la misma categoría, sino que se conceden como una indemnización que constituye un derecho personal del acreedor, y que puede ser renunciado por éste. *Rivera v. Crescioni*, *supra*. En el presente caso la parte demandante no apeló de la sentencia que omitió incluir tal pronunciamiento, y por tanto renunció a su reclamación, de haber sido ésta procedente.

esta forma, se catalogó el manejo de las reclamaciones por parte de esta industria como "una plagada de retrasos, mal manejos y de reiteradas violaciones a las disposiciones de nuestro Código de Seguros". Exposición de Motivos de la Ley Núm. 247-2018 (2018 [Parte 2] Leyes de Puerto Rico 2378-2379). Ante esta realidad, la Legislatura decidió enmendar el Código de Seguros para proveer protecciones y herramientas "adicionales en beneficio de los asegurados para garantizar el fiel cumplimiento de los fines del Código de Seguros y así agilizar el proceso de recuperación de Puerto Rico". *Consejo de Titulares v. MAPFRE*, 208 DPR 761, 771-772 (2022).[27]

En fin, la intención legislativa detrás de la Ley Núm. 247-2018 era:

> promover la recuperación económica de Puerto Rico (de sus hogares, comercios e infraestructura en general) en consideración a las circunstancias excepcionales que se suscitaron por los huracanes Irma y María. Esto, mediante el fiel cumplimiento de las disposiciones del Código de Seguros, particularmente del cumplimiento con aquellos deberes y responsabilidades a los que ya estaba sujeta la industria de seguros, y garantizando a los asegurados una oportunidad real de vindicar el derecho a una indemnización justa, rápida y equitativa, entre otros derechos reconocidos por nuestro ordenamiento, cuya transgresión hasta ese momento se atendía mediante las disposiciones generales de las obligaciones y los contratos. *Íd.*, pág. 772.

Particularmente, la Asamblea Legislativa consideró necesario que los asegurados tengan un mayor acceso a los

---

[27] Véase, además, Exposición de Motivos de la Ley Núm. 247-2018 (2018 [Parte 2] Leyes de Puerto Rico 2380-2381); Informe Positivo de la Comisión sobre Relaciones Federales, Políticas y Económicas sobre el P. de la C. 1645 de 17 de septiembre de 2018, pág. 4.

tribunales para vindicar sus derechos. Exposición de Motivos de la Ley Núm. 247-2018 (2018 [Parte 2] Leyes de Puerto Rico 2381). Además, identificó los altos costos de llevar sus reclamos a los tribunales como una de las principales barreras para la vindicación de sus derechos. *Íd.*[28]

Cónsono con este objetivo, la Ley Núm. 247-2018, incorpora al Código de Seguros dos disposiciones ordenando el pago de honorarios por parte de las aseguradoras. Específicamente, el inciso 4 del Art. 27.164 del Código de Seguros, 26 LPRA sec. 2716d, artículo que crea una causa de acción específica contra las aseguradoras por violaciones al Código, dispone que: "[e]n caso de adjudicación adversa en el juicio o luego de una apelación, el asegurador autorizado será responsable de los daños, junto con costos judiciales y honorarios razonables de abogados incurridos por el demandante". Además, el Art. 27.165 del Código de Seguros, 26 LPRA sec. 2716e, expresa:

> (1) Al recaer una sentencia o decreto por cualquiera de los tribunales contra un asegurador y en favor de cualquier asegurado nombrado o el beneficiario designado bajo una póliza o contrato ejecutado por el asegurador, el Tribunal de Primera Instancia o, en el caso de una apelación en la que prevalezca el asegurado o beneficiario, el tribunal de apelación, deberá adjudicar o decretar contra el asegurador y a favor del asegurado o el abogado del beneficiario una suma razonable como honorarios o compensación por haber procesado la demanda en la que se obtuvo una recuperación.
> [. . .]

---

[28] Véase Informe Positivo de la Comisión sobre Relaciones Federales, Políticas y Económicas sobre el P. de la C. 1645 de 17 de septiembre de 2018, pág. 2.

(3) Cuando se otorgue, la compensación u honorarios del abogado se incluirán en la sentencia o decreto dictado en el caso.

Por otra parte, en *Cons. Tit. 76 Kings Court v. MAPFRE*, 208 DPR 1018 (2022), interpretamos que el requisito de notificación previa que instituye el inciso (3) del Art. 27.164 del Código de Seguros, *supra,* era de carácter jurisdiccional. Particularmente, armonizamos el propósito reparador de la Ley Núm. 247-2018 de brindar a los asegurados herramientas y remedios adicionales con las directrices claras que provee esta ley para obtener estos beneficios. *Íd.*, págs. 1035, 1039-1040.

Así pues, notamos que el término de sesenta (60) días para que la aseguradora remedie la violación notificada por el asegurado es "ineludible e improrrogable". *Íd.*, pág. 1036.[29] Siendo ello así, "[s]i la aseguradora opta por no atender el reclamo dentro de esos sesenta días [...] entonces podría enfrentar una demanda por daños y honorarios de abogado amparada en el Código de Seguros". *Íd.*, pág. 1037. Dicho de otra forma, no existía un remedio hasta que la aseguradora tuviera la oportunidad de subsanar la violación. *Íd.,* pág. 1038 (citando a *Talat Enterprises v. Aetna Cas. & Sur. Co.,* 753 So. 2d 1278, 1283-1284 (Fla. 2000)).

En efecto, este Tribunal resolvió que bajo los términos del Art. 27.164 del Código de Seguros, **la causa de acción**

---

[29] Además, recalcamos que el depósito en el correo de la notificación interrumpe los términos prescriptivos para presentar una reclamación judicial por sesenta y cinco (65) días. *Véase*, Art. 27.164(3)(e) del Código de Seguros, *supra*.

**por daños y honorarios de abogado al amparo de los Arts. 27.164 y 27.165 del Código de Seguros,** *supra,* **está disponible únicamente si la aseguradora no remedia la situación dentro del término de sesenta (60) días.** *Íd.,* págs. 1040-1041. **Por tanto, la acción civil instada antes de transcurrir el mencionado término "despoja al tribunal de autoridad para atender la reclamación, ya que nunca se configuró la causa de acción".** (negrilla suplida) *Íd.* pág. 1041.

### III

### A.

En su primer señalamiento de error el Consejo arguyó que el Tribunal de Apelaciones erró al determinar que no procedían la imposición de intereses moratorios por la cuantía ordenada a pagar en la *Primera Sentencia*. Según este, la determinación del foro primario, concediendo los intereses moratorios, era cónsona con el Mandato recibido del Tribunal de Apelaciones. Siendo así nos solicitó restablecer lo determinado por el Tribunal de Primera Instancia.

En su *Resolución* el foro primario concluyó que procedían los intereses por mora dado a que:

> Según surge del mandato y de la Sentencia del [Tribunal de Apelaciones], en el presente caso se adjudicó de manera final, firme e inapelable, que la deuda de $1,277,104.32 era líquida y exigible a la fecha en que se presentó la Demanda de autos, que MAPFRE estaba contractualmente obligado a satisfacer el pago requerido y legalmente impedido de retractarse del pago habiendo hecho un reconocimiento de deuda.[30]

---

[30] Apéndice del *Certiorari*, pág. 600.

Por su parte el Tribunal de Apelaciones y el recurrido entendieron que los peticionarios renunciaron a los intereses moratorios por no solicitar estos durante la tramitación de la *Primera Sentencia*. Concluyeron que el Tribunal de Primera Instancia no estaba facultado a conceder los intereses moratorios sobre una suma determinada en una Sentencia final y firme del Tribunal de Apelaciones. Lo anterior surge en vista de lo resuelto en *Rivera v. Crescioni*, *supra*.

Luego de examinado el asunto, entendemos que el Tribunal de Apelaciones resolvió correctamente. Veamos con más detalle.

Este Tribunal ha sido enfático en que la presentación prematura o tardía de un recurso o una apelación "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007) (citando a *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2003)); *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1, 22-23 (2011).

Además, como norma general "los asuntos que han sido objeto de adjudicación por el foro de instancia y/o por este Tribunal no pueden reexaminarse. Esos derechos y responsabilidades gozan de las características de finalidad y firmeza con arreglo a la doctrina de la 'ley del caso'". *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 607 (2000). Alterar un pronunciamiento final y firme es una medida

excepcional; no debemos perder de perceptiva que tal acto inquieta la estabilidad y certeza del derecho. Véase, *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.*, 204 DPR 183, 201-202 (2020); Cacho Pérez v. Hatton Gotay, 195 DPR 1, 9 (2016); *Sánchez Ramos v. Troche Toro*, 111 DPR 155, 157 (1981).

En esta ocasión, la *Primera Sentencia* emitida el 30 de marzo de 2023, adjudicó de forma definitiva una de las causas de acción presentadas por el Consejo. En particular resolvió conceder el pago del ajuste y determinó que "no resulta necesario esperar por el resultado de todas las reclamaciones incoadas en la demanda presentada por el Consejo, para ordenar el pago de la cantidad identificada por Mapfre en el ajuste inicial entregado".[31] El Consejo no presentó Moción de Reconsideración ante el Tribunal de Apelaciones ni recurrió en alzada ante nos. Además, el Mandato del Tribunal de Apelaciones fue remitido al foro de primera instancia el 27 de octubre de 2023. No obstante, la petición de los intereses moratorios fue presentada el 3 de noviembre de 2023, ante el Tribunal de Primera Instancia.

El conceder los intereses moratorios en esta etapa, equivaldría a modificar la *Primera Sentencia* que es final y firme, y por ende inapelable, para conceder una indemnización adicional. La penalidad de pagar intereses moratorios al amparo del Art. 1061 del Código Civil de 1930, *supra*, tiene

---

[31] *Íd.*, pág. 297; *Consejo de Titulares del Condominio Playa Vista Azul II v. Mapfre Praico Insurance Company*, KLCE202300122, pág. 26 (30 de marzo de 2023).

que estar incluida en la Sentencia y no procede de forma automática. La omisión de estos intereses tiene que ser revisada a través de la presentación oportuna de una Moción de Reconsideración ante el foro sentenciador o en alzada. Por lo cual, nos vemos forzados a concluir que el Consejo presentó su solicitud de intereses moratorios ante el Tribunal de Primera Instancia a destiempo. El curso de acción a seguir era recurrir en alzada de la *Primera Sentencia* del Tribunal de Apelaciones.

**B.**

Por otra parte, el peticionario señaló que los foros recurridos erraron al no conceder honorarios de abogado bajo el Art. 27.165 del Código de Seguro, *supra*, sobre la cuantía concedida a su favor en la *Primera* Sentencia. El recurrido sostiene que la petición del Consejo por los honorarios fue presentada a destiempo, teniendo que levantar el asunto ante el Tribunal de Apelaciones antes de que la *Primera Sentencia* fuera final y firme. En la alternativa, sostuvo que el Consejo incumplió con los términos de notificación previa dispuestos en el Art. 27.164 del Código de Seguros, por lo que conforme con *Cons. Tit. 76 Kings Court v. MAPFRE*, *supra*, eran improcedentes los honorarios de abogado bajo el Art. 27.165 del Código de Seguros, *supra*. Le asiste la razón al recurrido.

Según surge del expediente, el 19 de septiembre de 2019, el Consejo notificó a Mapfre y a la Oficina del Comisionado de Seguros un *Formulario de Notificación Previo a Entablar*

*una Acción Civil a Tenor con el Artículo 27.164 del Código de Seguros de Puerto Rico*.[32] Lo anterior ocurrió, **en la misma fecha que** radicó la *Demanda* contra Mapfre, en donde alegó como tercera causa de acción "Violación del Código de Seguros" y solicitó remedios al amparo del Art. 27.164.[33]

El proceder del Consejo privó a los tribunales de la autoridad para conceder los honorarios de abogado dispuestos en el Art. 27.165 del Código de Seguros. No hay cabida para un resultado diferente. Al presentar la reclamación el mismo día en que presentó la notificación, el Consejo ignoró las directrices claras que dispone la Ley Núm. 247-2018, *supra,* y despojó a la aseguradora de la oportunidad para remediar el reclamo notificado y evitar una reclamación adicional por daños.

## C.

En su último señalamiento, el peticionario arguyó que los foros recurridos erraron al no imponer sanciones por temeridad. Reglas 44.1 (d) y 44.3 (b) de Procedimiento Civil, 32 LPRA Ap. V. Sostienen que, en cuanto a la suma que Mapfre identificó en el ajuste, este desplegó una conducta contumaz para no responder por sus obligaciones legales. El Tribunal de Primera Instancia, en su *Resolución* del 14 de noviembre de 2023, no hizo mención sobre sanciones por temeridad. A su vez, el Tribunal de Apelaciones denegó intervenir con este asunto. Entendemos que el error señalado no se cometió.

---

[32] Apéndice del *Certiorari*, pág. 460.
[33] *Íd.*, pág. 31.

Bajo nuestras Reglas de Procedimiento Civil la imposición de sanciones por temeridad procede cuando el tribunal realiza la correspondiente determinación de que una parte ha actuado de esa manera. *Santiago v. Sup. Grande*, 166 DPR 796, 821 (2006); *Puerto Rico Oil Company, Inc. v. Dayco Products, Inc.*, 164 DPR 486, 511 (2005). Ahora, esta determinación recae en la discreción del tribunal sentenciador y el estándar de revisión aplicable es el de claro abuso de discreción. *Santiago v. Sup. Grande*, 166 DPR 796, 820-821 (2006).

A manera de ejemplo, hemos reseñado que una parte es temeraria cuando insiste en alegar algo sin alguna prueba fehaciente, niega los hechos que le constan o son de fácil corroboración y dilata los procedimientos judiciales para no responder por sus obligaciones. *González Ramos v. Pacheco Romero*, 209 DPR 138, 149-150 (2022). Se trata de una actitud que afecta el buen funcionamiento y la administración de la justicia, que sujeta al litigante inocente a una innecesaria ordalía judicial. *Fernández v. San Juan Cement Co. Inc.,* 118 DPR 713, 718 (1987). No obstante, no existe temeridad "en aquellos casos en que el litigante actúa de acuerdo a la *apreciación errónea de una cuestión de derecho y no hay precedentes establecidos sobre la cuestión* [...] o cuando existe alguna desavenencia honesta en cuanto a quién favorece el derecho aplicable a los hechos del caso". *Oliveras, Inc. v. Universal Ins. Co.,* 141 DPR 900, 936 (1996) (citas omitidas).

La postura de Mapfre durante la tramitación de la reclamación por el ajuste cae dentro de estas conductas no temerarias. Este sostuvo ante el Tribunal de Primera Instancia que existía una controversia material que impedía adjudicar la controversia del ajuste y presentó sus argumentos en derecho para sostener que no procedía el pago de esta suma. Esta postura prevaleció en dos ocasiones en el Tribunal de Primera Instancia y no fue hasta la *Primera Sentencia* del Tribunal de Apelaciones que el Consejo prevaleció en su reclamo. Ante lo anterior, no vemos razón para intervenir con la omisión del foro primario en conceder sanciones por temeridad y así penalizar a un litigante que defendió una postura que posteriormente fue rechazada por un foro apelativo.

**IV**

Por los fundamentos antes expuestos, *confirmamos* la determinación del Tribunal de Apelaciones y, a su vez, ordenamos la devolución del caso al Tribunal de Primera Instancia para que proceda conforme a lo aquí resuelto.

Se dictará Sentencia de conformidad.

                              Mildred G. Pabón Charneco
                              Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Consejo de Titulares del Condominio Playa Azul II<br><br>Peticionario<br><br>v.<br><br>Mapfre Praico Insurance Company<br><br>Recurrida | | CC-2024-0110 |

SENTENCIA

En San Juan, Puerto Rico, a 26 de diciembre de 2024.

Por los fundamentos expresados en la Opinión que antecede, *confirmamos* la determinación del Tribunal de Apelaciones y, a su vez, ordenamos la devolución del caso al Tribunal de Primera Instancia para que proceda conforme a lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez no intervinieron.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo