Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ERNESTO RUIZ ROMERO<br><br>Apelante<br><br>v.<br><br>GENESIS SECURITY SERVICES, INC.<br><br>Apelada | TA2026AP00308 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala de PONCE<br><br>Caso Núm.:<br>JD2025CV00403<br><br>Sobre:<br>Procedimiento Sumario Bajo Ley Núm. 2 |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de abril de 2026.

El 20 de marzo de este año, el Sr. Ernesto Ruiz Ramos (Señor Ruiz o apelante) acudió por derecho propio ante este Tribunal mediante *Apelación de Derecho Laboral sobre Settlement Agreement que el Tribunal de Ponce omitió*. A través de este documento, nos solicitó la revocación de la *Sentencia* emitida en el caso de epígrafe por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI o foro primario) con fecha del 10 de marzo de 2026, según notificada el día 16.

Evaluada la apelación del apelante, así como la oposición que frente a esta sometió Genesis Security Services, Inc. (Génesis o parte apelada), resolvemos **confirmar** el dictamen apelado. Explicamos.

-I-

Los hechos más importantes y relevantes a la disposición del recurso, según surgen del expediente ante nuestra consideración y del Sistema Unificado de Manejo de Casos (SUMAC) son los que a continuación resumimos:

El 20 de junio de 2025, y al amparo del procedimiento sumario que la Ley 2 del 17 de octubre de 1961 provee, el apelante instó *Demanda* contra Génesis. En esta, además de informar la dirección postal de las partes, incluyó las siguientes alegaciones:

> 3. Se solicita el procedimiento de la [L]ey 2 de 17 [de] octubre de 1961, conocida como [L]ey de [P]rocedimiento [S]umario [L]aboral, por ser una reclamación obrero-patrono.
>
> 4. Genesis despidió de empleo al Sr. Ruiz sin pagarle la mesada correspondiente a la [L]ey 80 ni el periodo de tomar alimentos de 96 ocasiones.
>
> 5. Genesis lo despidió por economía pero dentro del periodo de reserva de 6 meses contrató a otros empleados de menos antigüedad por lo cual le adeuda los salarios dejados de devengar y la reposición en su empleo.
>
> 6. Las partes trataron de llegar a un acuerdo pero Genesis mediante sus abogados propusieron un acuerdo nulo.
>
> 7. Ese acuerdo se trató de litigar pero el Juez violó el debido proceso de ley al no celebrar vistas en el caso por lo cual no existe una sentencia final bajo los principios de res judicata.[1]

El 2 de julio de 2025, el apelante sometió *Enmienda Supletoria al Caso*.[2] Al día siguiente, el foro primario autorizó la enmienda a la demanda. De otra parte, le concedió al Señor Ruiz 10 días para que informara el número de caso que allí alegó fue desestimado. Esto, con el fin de poder evaluar su jurisdicción, conocer su tracto procesal y evaluar las alegaciones que levantó en el caso de autos.[3] Al día siguiente, ordenó a la Secretaría del Tribunal a expedir el correspondiente emplazamiento.

Por su parte, tras haber sido emplazada, la parte apelada presentó *Moción en Solicitud de Desestimación*.[4] En esta, solicitó al foro primario que tomara conocimiento de la demanda sometida por el apelante el 19 de febrero de 20[1]6 en el caso J PE2016-0073; de la *Sentencia* dictada en dicho pleito, así como de las incidencias del caso PO2022CV02459. En síntesis,

---

[1] Entrada Núm. 1 de SUMAC- TPI.

[2] Mediante esta moción, añadió-entre otras cosas- que en un pleito anterior la parte demandada había solicitado la desestimación del caso "pero no adujo evidencia al Tribunal de que el caso estaba prescrito, por lo cual el Tribunal venía obligado a celebrar una vista evidenciaria y aclarar lo señalado en el caso de contratos." *Id.,* Entrada Núm. 4.

[3] *Id.,* Entrada Núm. 6.

[4] *Id.,* Entrada Núm. 11.

Genesis afirmó que el pleito de epígrafe era la tercera ocasión en la que el apelante sometía la misma controversia en su contra, razón por la cual reclamó la aplicación de la doctrina de cosa juzgada. Por último, indicó que el 27 de agosto de 2018, las partes de epígrafe suscribieron un documento titulado "*Acuerdo Privado y Confidencial de Transacción, Desistimiento con Perjuicio y Relevo*" el cual sometió con su escrito para que fuera evaluado por el foro primario.[5]

Atendida la moción dispositiva, el TPI concedió plazo al apelante para expresarse en cuanto a esta. Tras varios trámites procesales, que incluyen una petición por parte del apelante para enmendar su demanda y la correspondiente aprobación del tribunal a esta, Genesis presentó *Moción en Solicitud de Desestimación Demanda Enmendada.*[6] Allí, reiteró la aplicación de cosa juzgada levantada en su previa solicitud de desestimación por las mismas razones. Tras habérsele ordenado al apelante expresarse al respecto, finalmente el 17 de noviembre de 2025, el Señor Ruiz sometió *Oposición Desestimación de Demanda Enmendada*. Ante esta, el 24 de noviembre de 2025, el TPI brindó a Genesis veinte (20) días para expresarse sobre este escrito. Al día siguiente, la parte apelada presentó *Moción en Cumplimiento de Orden* en la que manifestó que un examen del escrito sometido por el apelante le permitía apreciar que el mismo no refutaba ni alteraba los planteamientos esbozados en su moción dispositiva, reiterándose en los mismos.

En lo concerniente a la controversia ante nos, el 10 de marzo de 2026, el foro primario dictó la sentencia apelada. En esta, formuló 18 determinaciones de hechos. Basándose en ellas, el TPI encontró que las alegaciones levantadas por el Señor Ruiz en el caso J PE2016-0073 y aquellas

---

[5] En esa misma fecha, la parte apelada también sometió su contestación a la demanda. En esta, negó que se haya despedido al Señor Ruiz y afirmativamente arguyó que a este se le pagaron sus periodos de tomar alimentos correctamente y a tiempo de conformidad con los acuerdos vigentes entre las partes. *Id.,* Entrada Núm. 12.

[6] *Id.,* Entrada Núm. 44.

del caso PO2022CV02459 son idénticas a las incluidas en la demanda del caso de epígrafe. Así pues, dictaminó que entre los pleitos mencionados concurría la más perfecta identidad entre el objeto y la materia controvertida, las causas, las personas litigantes y la calidad en que lo son. Por consiguiente, y debido a que la sentencia dictada en el caso PO2022CV02459 desestimó **con perjuicio** la reclamación del señor Ruiz contra Genesis, el foro primario encontró que tal dictamen impedía bajo la doctrina de cosa juzgada el replantear las controversias. Además de así resolver, el TPI encontró que el apelante fue temerario al promover la acción de epígrafe cuando sabía, o debió saber, que no contaba con la evidencia necesaria para sustentar su causa de acción. En consecuencia, le impuso la suma de $2,000.00 en honorarios de abogado, más las costas y gastos incurridos por Genesis en su defensa.

En desacuerdo, el apelante acudió ante nos en apelación y señaló que el foro primario se equivocó:

> [c]uando no adjudicó la moción en oposición a desestimación radicada el 17 de noviembre de 2025 donde no se adjudica la falta de causa y nulidad del contrato porque se transó la Ley 80 sin nada a cambio y la legislación laboral establece que la Ley 80 es irrenunciable y este caso se originó previo a las enmiendas laborales que emitió la Legislatura en el 2017. Tampoco adjudicó las peticiones de Regla 49.2 donde el relevo de sentencia es un recurso equitativo.

> [a]l no evaluar la demanda y el contrato donde se establece que el Sr. Ruiz era un empleado que pasó el periodo probatorio de 90 días y por lo tanto merecedor de la mesada en un acuerdo de relevo de responsabilidad.

> [a]l no evaluar que la suma pactada eran unas vacaciones y el dinero de alimentos ni Ley 80 fueron transados sin nada a cambio y son nulos en derecho, derrotando nuestra reclamación con la doctrina de cosa juzgada y prescripción.

> [a]l no evaluar los bloqueos físicos a la corte que tenía el Sr. Ruiz.

> Porque la desestimación [del] caso PO2019CV00056 es una conversación exparte entre jueces donde no se dio notificación.

> [a]l no evaluar los bloqueos físicos a la corte que tenía el Sr. Ruiz.

> Porque la sentencia PO2022CV02459 no adjudicó la totalidad de la controversia por lo cual no es *res judicata* y las sentencias con perjuicio paralizaron los términos prescriptivos.

Porque del 20 de octubre de 2023 al 20 de abril de 2025, Ruiz estuvo bajo probatoria que si presentaba demanda [iba] preso.

Porque el Tribunal no entendió que un settlement agreement es una novación de contratos y obligaciones y por lo tanto las partes tienen que cumplir con la moral, la ley y la política pública que entraña el acuerdo para ser válido.

[a]l imponer honorarios prohibido bajo la Ley 2 no adjudicar las controversias traídas por el Sr. Ruiz.

Mientras tanto, y en oposición al recurso, el 17 de abril del año en curso Génesis acudió ante nos mediante *Alegato en Oposición a Recurso de Apelación.* En dicho escrito, la parte apelada señala que en la controversia de autos los tres requisitos indispensables para la aplicación de la doctrina de cosa juzgada quedaron satisfechos; entiéndase, identidad de cosas, identidad de causas e identidad de partes. Específicamente, indica que el apelante ha sometido en su contra en tres ocasiones distintas reclamaciones basadas en el mismo núcleo fáctico y articulares en la misma capacidad jurídico y que en cada una de estas ocasiones, ha obtenido en cada ocasión una adjudicación definitiva por parte del TPI. Por tanto, el permitir que el litigio continúe, entre otras cosas, contravendría el escenario que la doctrina reafirmada por nuestro Tribunal Supremo busca evitar.

Además, señala que, por las propias admisiones del apelante, es claro que la acción sometida está prescrita. A su vez, arguye que un análisis integral de los hechos procesales demuestra que la sentencia apelada no sólo se ajusta al derecho, sino que responde fielmente a los principios rectores de nuestro ordenamiento jurídico para imprimir finalidad a los dictámenes judiciales. Por estas razones, y demás allí expuestas, reclama que el dictamen apelado debe ser confirmado. También, pide la imposición de honorarios de abogado a su favor y en contra del apelante.

-II-

*A.*

La doctrina de la cosa juzgada aplica cuando existe una primera sentencia válida; que adjudicó la controversia en sus méritos; que advino

final y firme; con la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron; y que el remedio solicitado sea análogo al previamente reclamado. *Figueroa Santiago et al. v. ELA*, 207 DPR 923, 933 (2021). La referida doctrina responde tanto al interés del Estado a que se les ponga fin a los litigios para que así no se eternicen las cuestiones judiciales, como a la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654-655 (2013). También tiene el efecto de evitar que, en un pleito posterior, se litiguen nuevamente, entre las mismas partes y sobre las mismas cosas y causas de acción, las controversias que ya fueron o pudieron haber sido litigadas y adjudicadas en un pleito anterior. *Presidential v. Transcaribe*, 186 DPR 263, 273 (2012).

En cuanto al requisito de identidad entre las cosas, basta con que se refiera al mismo asunto, independientemente de que uno se aborde totalmente y el otro solo parcialmente. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996). De otra parte, la identidad entre las causas se logra establecer cuando se deduce que, tanto en el pleito anterior como en el que se invoca la excepción de cosa juzgada, las acciones ejercitadas implican un mismo motivo o razón de pedir: si los hechos y fundamentos de las peticiones son los mismos en lo que afecta la cuestión planteada. *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 223 (2012).

De otra parte, el impedimento colateral por sentencia, por constituir una modalidad de la cosa juzgada, protege a los litigantes de tener que defenderse o de probar su reclamación en repetidas ocasiones sobre una misma controversia. *Presidential v. Transcaribe*, supra. Lo antes, con el objetivo de promover la economía procesal y judicial, evitar litigios innecesarios y dictámenes inconsistentes. *Íd.* Sin embargo, distinto a la cosa juzgada, la aplicación del impedimento colateral por sentencia no requiere la identidad de las causas. *Íd.* Entiéndase que, la referida defensa puede

invocarse, aunque la razón de pedir en la demanda actual no sea la misma que en la reclamación anterior. *Íd.*

Sobre cuándo aplica el impedimento colateral por sentencia, nuestro Más Alto Foro dictaminó que, "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas." *Íd.*, pág. 277. Esta doctrina puede exponerse de forma defensiva u ofensiva.

En la modalidad defensiva, quien presenta la defensa es la parte demandada para impedir que la parte demandante litigue nuevamente un asunto previamente presentado y que perdió en un pleito anterior en contra de otra parte. *PR Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139, 153 (2008). En cuanto a la segunda modalidad, quien presenta la defensa es la parte demandante para impedir que la parte demandada litigue un asunto presentado y sobre el cual no prevaleció en un pleito anterior en contra de otra parte. *Íd.* En ambos escenarios, la parte afectada por la interposición del impedimento colateral ha litigado y ha perdido el asunto en el pleito anterior. *Íd.*

Ahora bien, es importante apuntalar que, la doctrina de cosa juzgada es una de las defensas afirmativas que enumera la Regla 6.3 de las Reglas de Procedimiento Civil, *supra*, y a esos efectos, dispone que, debe formularse de manera clara, expresa y específica al responder una alegación o, de lo contrario, se tiene por renunciada. *Presidential v. Transcaribe, supra*, pág. 281 al mencionar a *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294 (1989). Por lo tanto, de no levantar la defensa afirmativa de manera oportuna, la parte no puede plantearla en ninguna otra etapa posterior del proceso judicial. *Íd.*, págs. 285-286. Además, los tribunales no pueden levantar

defensas afirmativas *motu proprio* cuando las partes son quienes las han renunciado. *Íd.*, pág. 284.

-III-

Al atacar la sentencia apelada, el Señor Ruiz le imputa nueve (9) errores al foro primario. Antes de atenderlos, nos parece necesario señalar que en la discusión que hace de estos, el señor Ruiz se limita a presentar un sinnúmero de alegaciones sin una cabal discusión de las disposiciones de ley y la jurisprudencia aplicable que apoyen sus argumentos, tal cual exige la Regla 16(f) del Reglamento del Tribunal de Apelaciones.[7] Entendemos que el apelante ha comparecido ante este Tribunal de Apelaciones por derecho propio. Sin embargo, el mero hecho de que así sea, por sí solo, no justifica ni le exime de cumplir con las disposiciones reglamentarias y los principios procesales básicos que gobiernan el proceso apelativo. *Febles v. Romar*, 159 DPR 714, 722 (2003). Dicho esto, atendemos los planteamientos específicos del Señor Ruiz.

En la confusa discusión que hace de los errores señalados, el apelante plantea que el foro primario se equivocó pues no atendió el relevo de sentencia que solicitó al oponerse a la moción de desestimación. A su vez, asevera que el TPI no pasó juicio sobre el contenido del *"Acuerdo Privado y Confidencial de Transacción, Desistimiento con Perjuicio y Relevo"* que puso fin al caso número J PE2016-0073, por lo que no aplicaba la preclusión de cosa juzgada. Asimismo, afirma que no es correcto que su causa hubiera prescrito y procediera imponer $2,000.00 de honorarios de abogado, pues "conforme a la doctrina de suspensión del periodo prescriptivo bajo los artículos 40, 41, 46 del Código de Enjuiciamiento Civil de 1933 vigente en Puerto Rico que dispone que el bloqueo físico a la corte suspende los términos prescriptivos para acudir al Tribunal…".

---

[7] In re Aprobación Enmdas. Regl. TA, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 215 DPR ___ (2025)

De otra parte, el Señor Ruiz reclama una violación al debido proceso de ley, pues el Juez tomó conocimiento judicial de un asunto cuando no le competía hacerlo. Sobre esto, específicamente argumenta que "[e]l fiscal, abogado y el Juez hicieron un acuerdo, minuta PO2019CV00047, para denegar el acceso físico del señor Ruiz a la corte estatal de Ponce y de Puerto Rico por lo cual es un acuerdo donde el Juez no tiene poder legal para prohibir el acceso a la corte…". Basado en eso, alega que la desestimación del caso PO2019CV00056 puede dejarse sin efecto.

Además, el apelante plantea que la controversia actual trata de un asunto distinto al que planteó en el caso número PO2022CV02459. Así pues, indica que lo que solicita es la nulidad del acuerdo que puso fin al caso por falta de causa y por ser nulo, pues "la Ley 80 es irrenunciable". De igual forma, cataloga como abuso de discreción el que el TPI no hubiera evaluado ni pasado juicio sobre tal acuerdo para declararlo nulo. También, afirma que el aludido convenio adjudicó solamente su reclamo por vacaciones, más no aquel bajo la Ley 80, por lo que no existe preclusión. Por último, impugna la determinación del TPI de imponerle honorarios de abogado y a tales efectos, asevera que dicha imposición es contraria a las disposiciones de la Ley 80, por lo que no debió concederse.

Ninguno de los argumentos del apelante derrota la corrección de la sentencia apelada.

En primer lugar, nos resulta forzoso concluir que, más allá de presentar meras alegaciones y conjeturas, el señor Ruiz falló en demostrar que el pleito de epígrafe fuera distinto a aquellos que previamente ha instado contra la parte apelada. Basta leer la *Demanda* que sometió en el pleito PO2022CV02459 para entender que el reclamo presentado allí trata del mismo asunto sometido en el caso de autos. Tanto en aquella ocasión como ahora, el Señor Ruiz señaló que las partes de epígrafe alcanzaron un acuerdo y alegó que el mismo es nulo. De igual forma, en ambas ocasiones,

reclamó la irrenunciabilidad de la Ley 80, que no le fueron pagadas las horas del periodo de tomar almuerzo y no se respetó la reserva de empleo de la Ley 80. La sentencia emitida en el caso PO2022CVC02459 fue dictada **con perjuicio** precisamente por tratarse del mismo asunto que fue objeto de un acuerdo transaccional en el pleito J PE2016-0073.  Por lo tanto, y contrario a lo que entiende el apelante, sí aplica la doctrina de cosa juzgada como correctamente fue resuelto por el foro primario en la *Sentencia* apelada, pues la desestimación con perjuicio implica que no podrá someterse un nuevo caso por los mismos hechos y controversia.

Lo antes enunciado es suficiente para disponer del recurso de apelación sometido por el señor Ruiz Romero. No obstante, entendemos necesario atender los argumentos específicos levantados por el apelante en la discusión de su señalamiento de errores, con el fin de explicar, por qué, estos no proceden. En primer lugar, es menester mencionar que la solicitud de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2 que incluyó al oponerse a la desestimación solicitada y que reafirma en su apelación es improcedente en derecho. La citada regla es clara en cuanto a las instancias en que procede el relevo de una sentencia y el plazo disponible para someterla. La mera alegación de que el acuerdo suscrito por las partes en un pleito anterior es nulo, no es suficiente para derrotar la presunción de corrección de la que gozan los dictámenes judiciales. Tampoco procedía que el foro primario evaluara el contenido de la transacción alcanzada, pues esta fue evaluada y tuvo el aval del Tribunal en el trámite del caso J PE2016-0073.

Asimismo, igual de improcedente son los argumentos que levanta para impugnar la aseveración hecha por el TPI en cuanto a que "aun superando la doctrina sobre cosa juzgada" su reclamación está prescrita.[8] Según el apelante, a su caso le aplican algunas de las disposiciones del

---

[8] Página 11 de la *Sentencia*, Entrada 87 (SUMAC)

Título III de nuestro Código de Enjuiciamiento Civil, 32 LPRA Sec. 251, *et seq.*, sobre cuándo ha de empezar el ejercicio de las acciones. Particularmente, en la página 7 de su recurso, alega que para los años 2018, 2019, 2020 y 2021, fue acechado para no presentar casos en el TPI de Ponce, razón por la cual quedó en suspenso el término prescriptivo.

A fin de atender este planteamiento, y según nos permiten hacer las Reglas de Evidencia,[9] tomamos conocimiento judicial de los distintos pleitos que el apelante ha sometido durante el plazo que señala estuvo impedido de acudir a los tribunales. Así lo hicimos mediante acceso a los respectivos expedientes judiciales por medio de SUMAC. Al así hacer, advertimos que- contrario a lo argüido por el apelante- este nunca estuvo impedido de ejercer cualquier causa de acción. Por el contrario, nuestra búsqueda evidencia que desde al menos el 10 de enero de 2019 hasta la fecha en que presentó la *Demanda* en el caso de epígrafe, el Señor Ruiz compareció como parte en **ochenta y ocho (88) ocasiones**. Por tanto, a sus circunstancias no le son aplicables las disposiciones reclamadas por él del Código de Enjuiciamiento que suspenden los términos prescriptivos.

Es menester destacar que, entre las comparecencias ante los tribunales de Puerto Rico durante el tiempo antes señalado, al menos en dos (2) de estas, el apelante acudió ante el TPI como demandante contra la parte apelada.[10] Ambos pleitos, tratan de controversias similares que fueron objeto de un acuerdo transaccional muchos años antes en el pleito número J PE2016-0073. La imposición de honorarios de abogado efectuada por el TPI en el presente caso responde a la insistencia del Señor Ruiz de someter nuevamente el mismo reclamo en contra de la parte apelada, obligándole a

---

[9] La Regla 201(B)(2) de Evidencia, establece que el Tribunal podrá tomar conocimiento judicial solamente de aquel hecho adjudicativo que no esté en controversia por ser susceptible de corroboración inmediata y exacta mediante fuentes cuya exactitud no puede ser razonablemente cuestionada. El contenido de un expediente judicial es un hecho que es susceptible de ser corroborado fácilmente. Por consiguiente, no es correcto el reclamo de violación al debido proceso de ley hecho por el apelante en la discusión de su quinto error.

[10] Casos número PO2019CV00056 y PO2022CV002459.

incurrir otra vez en gastos y costas para defenderse. La misma, se hizo en virtud de la Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(d), que autoriza a los tribunales a imponer el pago de honorario de abogados a aquella parte o su abogado que haya actuado con temeridad o frivolidad en el trámite de un procedimiento judicial.

La citada regla, tiene como propósito "establecer una penalidad a un litigante perdidoso que, **por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos**, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010) y casos allí citados. (Énfasis suplido).

La determinación de si se ha incurrido o no en temeridad es un asunto que recae en la discreción del tribunal y el estándar de revisión aplicable es el de claro abuso de discreción. *Consejo de Titulares del Condominio Playa Azul II v MAPFRE PRAICO Insurance Company*, 2024 TSPR 140, 215 DPR __ al citar a *Santiago v. Sup. Grande*, 166 DPR 796, 820-821 (2006). El apelante no ha demostrado que el foro primario haya incurrido en abuso de discreción al encontrarle temerario e imponerle honorarios de abogado por insistir en radicar el mismo pleito contra la apelada. Por tanto, no intervendremos con esta decisión.

En resumidas cuentas, ninguno de los errores señalados por el apelante fue cometido. Por el contrario, y tal cual arriba enunciamos, el foro primario actuó correctamente al aplicar a la controversia de autos la doctrina de cosa juzgada y desestimar el caso de epígrafe. Por tal motivo, sostenemos la desestimación decretada.

De otra parte, y con relación a la solicitud de la parte apelada para la imposición de honorarios de abogados, resolvemos la misma Ha Lugar. En consecuencia, por considerar que el recurso de epígrafe es uno frívolo, al amparo de la Regla 85 del Reglamento del Tribunal de Apelaciones, le

imponemos al apelante la cantidad de quinientos dólares $500.00, en honorarios de abogado.

-IV-

Por los fundamentos antes expuestos, confirmamos la sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones