ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| RAUL PIZARRO SILVA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | **TA2025RA00335** | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Corrección<br><br>Caso Núm.: 12,829-25<br><br>Sobre: Revisión Administrativa procedente de DCR |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Comparece ante nos el Sr. Raúl Pizarro Silva (señor Pizarro o "el recurrente") por derecho propio y en forma pauperis. De una lectura sosegada del escrito se desprende que el recurrente nos solicita que revisemos una *Resolución de Reconsideración* emitida por el Comité de Clasificación y Tratamiento (CCT) del Departamento de Corrección y Rehabilitación (DCR), notificada el 10 de octubre de 2025. Mediante el referido dictamen, el CCT denegó acoger la solicitud de reconsideración del recurrente.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el recurso por falta de jurisdicción.

### I.

Según surge del recurso, el 29 de octubre de 2025, fue recibido en la Secretaría de este Tribunal el recurso sobre Solicitud de Revisión Administrativa instada por el señor Pizarro. En esencia, alegó que se encuentra bajo la custodia del DCR en la Institución Correccional

Ponce Principal. Añadió que, el 28 de agosto de 2025, fue llevada a cabo una reunión del CCT, con el propósito de evaluar el Plan Institucional y la Ratificación de custodia mediana.

No obstante, señaló que el 5 de septiembre de 2025, presentó una *Solicitud de Reconsideración sobre Clasificación de Custodia*. La cual fue denegada mediante *Resolución* emitida el 7 de octubre de 2025, siendo notificada el 10 de octubre de 2025.

Inconforme, el recurrente presentó el recurso de epígrafe en el cual planteó los siguientes señalamientos de error:

> Erró el CCT al ratificar la custodia mediana del Sr. Pizarro Silva al utilizar la modificación discrecional "Gravedad del Delito".
>
> Erró el CCT al ratificar la custodia mediana del Sr. Pizarro Silva al no considerar todos los ajustes positivos demostrados durante toda su reclusión.
>
> Erró el CCT al ratificar la custodia mediana del Sr. Pizarro Silva, al no mencionar y considerar el historial disciplinario, el cual data de más de nueve años.
>
> Erró el CCT al ratificar la custodia mediana del Sr. Pizarro Silva al no considerar que ha cumplido con su Plan Institucional trazado.

El 6 de noviembre de 2025, emitimos una *Resolución* en la cual le concedimos a la parte recurrida el término dispuesto en el Reglamento del Tribunal de Apelaciones, según enmendado, 2025 TSPR 42, para que presentara su alegato.

Posteriormente, el 13 de noviembre de 2025, emitimos una *Resolución* concediéndole al recurrente el término de cinco (5) días a partir de la notificación de la *Resolución* para que presentara el apéndice del

recurso. Asimismo, se le indicó que de no presentarlo se desestimaría el recurso.

El 5 de diciembre de 2025, el DCR presentó una *Solicitud de Desestimación*.

Transcurrido el término para que el recurrente cumpliera con la orden emitida, y sin haber recibido documento alguno que nos ayude a ejercer nuestra función revisora, resolvemos desestimar el recurso por falta de jurisdicción.

## II.

### -A-

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración, pues "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia." *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163, 178, (2022). "[L]a jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias." *Mun. Río Grande v. Adq. Finca et al.*, 215 DPR __ (2025), 2025 TSPR 36, pág. 10, citando a *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013). Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial no tiene discreción para asumir jurisdicción donde no la hay. *Greene, et als. v. Biase et als.*, 216 DPR __ (2025), 2025 TSPR 83, pág. 8. Por lo que, nos impone el deber de examinar la jurisdicción antes de expresarnos.

De otra parte, cuando el tribunal determina que carece de jurisdicción, lo único que puede hacer es así declararlo y desestimar el caso en sus méritos. *Greene,*

*et als. v. Biase et als.*, supra. Sobre ello, nuestro Tribunal Supremo en el caso *Beltrán Cintrón et al. v. ELA et al*, expresó lo siguiente:

> […] la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101-102 (2020).

Como corolario de ello, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre." *Consejo Titulares v. MAPFRE*, 215 DPR __ (2024), 2024 TSPR 140, pág. 18.

En vista de lo anterior, es preciso subrayar que el incumplimiento con las disposiciones reglamentarias sobre los recursos a ser presentados ante el Tribunal de Apelaciones podría conllevar la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Por ello, "cuando el tribunal utiliza dicho mecanismo procesal en casos de incumplimiento con su Reglamento, debe cerciorarse primero que el incumplimiento haya provocado un impedimento real y meritorio para que el

tribunal pueda atender el caso en los méritos". *Román et als. v. Román et als.,* 158 DPR 163, 167-168 (2002).

-B-

"El Tribunal Supremo de Puerto Rico ha reiterado que las partes -incluso los que comparecen por derecho propio- tienen el deber de cumplir fielmente con las normas para el perfeccionamiento de los recursos ante este Foro apelativo. *Febles v. Romar*, 159 DPR 714 (2003). Es decir, estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos ante nos. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589-590 (2019); *Hernández Jiménez, et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Por ello, de no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). No obstante, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.,* 158 DPR 163, 167-168 (2002).

Asimismo, la parte compareciente tiene que perfeccionar su recurso al tenor de los preceptos de las

leyes vigentes y de nuestro Reglamento. De lo contrario, el Foro Apelativo no estará en posición de revisar el dictamen recurrido. *Morán v. Martí*, 165 DPR 356 (2005).

Por otro lado, sabido es que el contenido de los recursos de *revisión* se encuentra regulado por nuestro Reglamento y el mismo establece que dicho recurso deberá incluir lo siguiente:

(A) Cubierta

La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

(1) Epígrafe

El epígrafe del escrito de revisión contendrá el nombre de todas las partes en el orden en que aparecían en el trámite administrativo y se les identificará como "parte recurrente" y "parte recurrida".

(2) Información sobre abogados y abogadas, y partes

Se incluirá el nombre, la dirección postal, el teléfono y la dirección electrónica y el número del Tribunal Supremo del abogado o de la abogada de la parte recurrente y del abogado o de la abogada de la parte recurrida, o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes si estas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(3) Información del caso

Si se trata de un recurso presentado físicamente conforme a lo dispuesto en la Regla 2.1 de este Reglamento, deberá, además, incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, el nombre del organismo o agencia administrativa de la cual proviene el recurso, incluyendo la identificación numérica del trámite administrativo, si alguna, y la materia.

En los recursos para impugnar la validez de una regla o reglamento, el epígrafe expresará el nombre de la persona que impugna, identificándola como "recurrente", y el nombre del organismo o agencia que adoptó la regla o reglamento, identificándola como "recurrida".

(B) Índice

Inmediatamente después, habrá un índice detallado del recurso conforme a lo dispuesto en la Regla 75 de este Reglamento.

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.
(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(2) El recurso de revisión será el alegato de la parte recurrente. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión.

(3) En caso de que en el recurso de revisión se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte recurrente procederá conforme se dispone en la Regla 76.

(D) Número de páginas

El recurso de revisión no excederá de veinticinco páginas cuando el expediente sea físico y treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

(E) Apéndice

(1) El recurso de revisión incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos. Regla 59 del Reglamento del Tribunal de Apelaciones, según enmendada.

En cuanto al contenido del apéndice, es claro que, si el recurrente no presenta estos documentos, este Foro estará impedido de corroborar su jurisdicción y resolver los méritos de las controversias planteadas. Esto último se debe a que no tendremos forma de confirmar y auscultar las alegaciones de las partes, los asuntos medulares que disponen de la causa, ni revisar la corrección de la decisión recurrida por no tener constancia de ella, ni de los acontecimientos que dieron base a la misma. Consecuentemente, esta deficiencia se considera una sustancial, por lo que, el recurso que incurra en ella será desestimado. *Codesi, Inc. v. Mun. de Canóvanas*, 150 DPR 586 (2000).

### III.

Sabido es que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que, no poseemos discreción para asumirla donde no la hay. *Allied Mgmt. Group v. Oriental Bank*, supra. Asimismo, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.*

Asimismo, debemos enfatizar que, como parte del cumplimiento con nuestro Reglamento, para poder perfeccionar un recurso ante nos, la parte promovente tiene la obligación de cumplir esencialmente con el contenido del recurso e incluir todos los documentos relevantes a la controversia, para que podamos ejercer adecuadamente nuestra función revisora. Si bien es cierto que la omisión de algunas partes del contenido y la presentación de un apéndice incompleto no conlleva la desestimación automática de un recurso, ello no puede

significar que la parte opte por incumplir con nuestro Reglamento. *Morán v. Martí*, supra, págs. 363-364.

Así las cosas, por tratarse de un asunto de índole jurisdiccional, procedemos a evaluar si el recurso de epígrafe cumple con las disposiciones reglamentarias pertinentes para su perfeccionamiento.

De una evaluación del escrito presentado por el señor Pizarro se desprende que nos solicita la revisión de una denegatoria a su solicitud de reconsideración emitida por el CCT. No obstante, el recurso ante nuestra consideración adolece de graves defectos, que imposibilitan nuestra función revisora y el perfeccionamiento de este. Entre dichos defectos se encuentran que, el señor Pizarro no incluyó un apéndice con todos los documentos relevantes al asunto planteado; una relación fiel y concisa de los hechos procesales y materiales del caso; y la determinación de la cual se recurre. Particularmente, no incluyó copia del dictamen que deberíamos revisar.

El 13 de noviembre de 2025, emitimos una *Resolución* concediéndole el término de cinco (5) días al recurrente para que presentara el apéndice del recurso, además, se le apercibió que de incumplir con la orden podría conllevar la desestimación del caso. Así las cosas, transcurrido en exceso el término concedido, no recibimos documento alguno.

Por consiguiente, al no incluir específicamente el dictamen sobre el cual solicita nuestra intervención, no nos colocó en posición de atender y resolver su reclamo conforme dispone nuestro ordenamiento. Por lo tanto, procedemos a desestimar el recurso de epígrafe, al no

satisfacer los requisitos reglamentarios para el perfeccionamiento de un recurso de revisión judicial.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones