Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ROSA A. JIMÉNEZ GÓNZALEZ<br><br>Recurrida<br><br>v.<br><br>ERASMO GOZÁLEZ REYES<br><br>Peticionario | TA2025CE00871 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.: AR2023RF00892 (101)<br><br>Sobre: Alimentos - Excónyuges |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante nos el señor Erasmo González Reyes ("señor González" o "Peticionario") mediante escrito intitulado *Alegato* presentado el 9 de diciembre de 2025. Nos solicita la revocación del dictamen intitulado *Resolución a Solicitud de Nulidad de Sentencia* dictada y notificada el 6 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("foro primario" o "foro *a quo*"). Por virtud de la aludida determinación, el foro primario declaró *No Ha lugar* una moción de nulidad de sentencia instada por el Peticionario.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso instado.

### I.

El 2 de octubre de 2023, la señora Rosa Jiménez González ("señora Jimenez" o "Recurrida") radicó *Moción Urgente Solicitando Pensión de Excónyuge* contra el señor González.[1] En esencia, por virtud del referido escrito, la señora Jimenez esgrimió que tras divorciarse del señor González, este último la dejó en un estado de

---

[1] Véase, SUMAC TPI, Entrada 1.

indigencia, por lo que solicitó una pensión excónyuge. Posteriormente, el 28 de febrero de 2025, la Recurrida presentó un documento intitulado *No contest[ó] en emplazamiento Rebeld[í]a,* en la cual solicitó que el foro primario le anotara la rebeldía al Peticionario.[2] Atendida esta solicitud, el 7 de mayo de 2024, el foro primario emitió *Orden* en la que dispuso lo siguiente: "se anota rebeld[í]a al demandado. Vista de juicio videoconferencia 21 de mayo de 2024, 10:00am".[3]

Subsiguientemente, el 24 de mayo de 2024, se llevó a cabo el juicio en su fondo al cual únicamente compareció la Recurrida.[4] Posteriormente, el 7 de junio de 2024, notificada el 10 de junio del mismo año, el foro *a quo* dictó *Sentencia.*[5] Por virtud de este dictamen, el foro primario le impuso al señor González el pago de seiscientos dólares ($600.00) mensuales, por concepto de pensión a favor de la señora Jiménez.

Transcurrido varios trámites procesales, el 21 de mayo 2025, el Peticionario presentó *Moción de Relevo de Sentencia al Amparo de la Regla 49.2 de las De Procedimiento Civil por Falta de Jurisdicción sobre la Materia.*[6] En síntesis, sostuvo que la *Sentencia* emitida el 7 de junio de 2024, era nula. En síntesis, fundamentó su alegación en el hecho de que no recibió la notificación de la sentencia de divorcio, por lo que dicho dictamen no advino final y firme. Abundó que, para solicitar una pensión excónyuge, es necesario estar divorciado, por tanto, el foro primario emitió su determinación sin tener jurisdicción para ello.

Por su parte, el 6 de noviembre de 2025, la Recurrida presentó *Moci[ó]n en Oposici[ó]n y Solicitud de Desacato.*[7] En lo pertinente, esbozó que "[s]i la defensa del demandado se sostiene

---

[2] Véase, SUMAC TPI, Entrada 12.
[3] Véase, SUMAC TPI, Entrada 13.
[4] Véase, SUMAC TPI, Entrada 14.
[5] Véase, SUMAC TPI, Entrada 15.
[6] Véase, SUMAC TPI, Entrada 56.
[7] Véase, SUMAC TPI, Entrada 61.

que no hay un divorcio final y firme, continúa casado y por ende está cometiendo el delito de bigamia1 ya que contrajo matrimonio con otra persona".[8] Asimismo, solicitó que se le impusiera desacato al Peticionario por este no pagar la pensión excónyuge impuesta.

Evaluados los escritos ante su consideración, 11 de junio de 2025, el foro primario emitió y notificó *Resolución a Solicitud de Nulidad de Sentencia*, en la que declaró *No Ha Lugar* la solicitud de nulidad.[9]

Inconforme, el 9 de diciembre de 2025, el Peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró y abusó de su discreción [sic] el honorable tribunal al determinar no ha lugar a solicitud relevo de sentencia [sic]. Concluir que tenía jurisdicción sobre la materia para dictar una Sentencia de Pensión de Excónyuge, a pesar de que la Sentencia de Divorcio no había adquirido firmeza por falta de notificación al demandado-peticionario, contraviniendo el requisito legal de que la disolución del vínculo es efectiva solo desde que la sentencia de divorcio es firme.

> Erró y abusó de su discreción [sic] el honorable tribunal al denegar la Petición de Nulidad de Sentencia al amparo de la Regla 49.2(d) de Procedimiento Civil, al no reconocer que la falta de firmeza de la Sentencia de Divorcio constituye un vicio de nulidad insubsanable que afecta la jurisdicción del tribunal para adjudicar una pensión de excónyuge, quebrantando así el debido proceso de ley.

El 15 de diciembre de 2025, le concedimos al Peticionario hasta el 16 de diciembre de 2025 para que mostrara causa por la cual no debíamos desestimar el recurso de epígrafe por falta de jurisdicción. Ante el incumplimiento de la parte Peticionaria con la orden procedemos a resolver sin el beneficio de su comparecencia.

Examinado el recurso, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), prescindimos de los términos, escritos o procedimientos

---

[8] Véase, SUMAC TPI, Entrada 61.
[9] Véase, SUMAC TPI, Entrada 73.

adicionales "con el propósito de lograr su más justo y eficiente despacho".

## II.

### A. *Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd*. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para

llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

Por otro lado, tanto la Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b), al igual que la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, *supra*, establecen que los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia **deben ser presentados dentro del término de treinta (30) días, contados desde la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida**. Este término es de cumplimiento estricto.

Nuestro Tribunal Supremo ha sido claro en cuanto a que "el incumplimiento con las reglas de los tribunales apelativos **impide la revisión judicial**". *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013) (Citas omitidas) (Énfasis suplido). Por tanto, las partes tienen la obligación de "cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos ante nos". *Íd.* (Citas omitidas). Las partes tienen el deber de observar rigurosamente las disposiciones reglamentarias, de manera que puedan presentar y perfeccionar su recurso oportuna y adecuadamente. *Véase M-Care Compounding Pharmacy et al. v. Depto. Salud,* 186 DPR 159, 176 (2012). **De lo contrario, los recursos no pueden perfeccionarse y este Foro no adquiere jurisdicción para atenderlos.**

Cuando se trata de requisitos de *cumplimiento estricto,* los tribunales **no gozan de discreción** para prorrogar o dispensar de ellos automáticamente. Solo procede una extensión para cumplir con requisitos de estricto cumplimiento **si la parte demuestra justa causa**. *Véase Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 170-172 (2016). **De lo contrario, el incumplimiento acarrea la desestimación**.

### A. Jurisdicción

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración pues "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia" *Pérez Rodríguez v. López Rodríguez et al.* 210 DPR 163, 178, (2022). "[L]a jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.". *Mun. Río Grande v. Adq. Finca et al.*, 215 DPR__ (2025) 2025 TSPR 36, pág. 10 citando a *Pérez Soto v. Cantera Pérez, Inc.*, *et al.*, 188 DPR 98, 105 (2013). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando "un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos". *Greene y otros v. Biase y otros,* 216 DPR __ (2025) 2025 TSPR 83, pág. 8.

Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. v. ELA et al.,* supra, pág. 101-102. (Comillas y citas omitidas).

Como corolario de ello, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025) nos faculta, a

iniciativa propia, a desestimar un recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Consejo Titulares v. MAPFRE,* 215 DPR__ (2024) 2024 TSPR 140, pág. 18 citando a *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001).

**III.**

Previo a atender los méritos de los reclamos esbozados por el Peticionario, esta Curia tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso ante su consideración. Efectuado tal ejercicio, notamos que este foro carece de jurisdicción para atender el presente caso, por tal razón, no tenemos otra alternativa que desestimarlo.

En el caso de autos, el señor González nos solicita que revoquemos una *Resolución a Solicitud de Nulidad de Sentencia* dictada y notificada por el foro primario el **6 de noviembre de 2025**. Del expediente no consta que se haya presentado solicitud de reconsideración o algún escrito solicitando determinaciones de hechos adicionales que interrumpan el término para acudir ante esta Curia. Por tanto, el término de treinta (30) días para presentar el recurso de *certiorari* ante nuestra consideración, vencía **el 6 de diciembre de 2025**. Al este día ser sábado, el término se extendió al **lunes 8 de diciembre de 2025.** No empece lo anterior, la fecha de presentación conforme lo dispone el Sistema Unificado de Manejo y Administración de Casos ("SUMAC") es **el 9 de diciembre de 2025,** por lo que el recurso se presentó de forma tardía.

Es preciso subrayar que, tanto la Regla 52.2 (b) de Procedimiento Civil, *supra,* y la Regla 32 (C) de nuestro Reglamento, establecen que los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del foro

primario **deben presentarse dentro del término de treinta (30) días contados desde la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida**. Si bien este término es de **cumplimiento estricto** es norma firmemente establecida que los tribunales **no gozamos de discreción para relevar automáticamente a una parte de dicho cumplimiento, salvo que la parte incumplidora hubiera demostrado justa causa para ello.** En otras palabras, los tribunales solo podremos eximir a una parte de observar el cumplimiento de los términos reglamentarios si están presentes dos (2) condiciones: "(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida". *Soto Pino v. Uno Radio Group*, supra, pág. 93.

No empece lo anterior, en su comparecencia, el Peticionario **no demostró ni alegó justa causa para la presentación de manera tardía del recurso de epígrafe**. Ante tal circunstancia y dado a la ausencia de justa causa para la dilación, nos vemos forzados desestimar el presente recurso por tardío.

**IV.**

Por los fundamentos expuestos, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones