Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| BRIDGET BALLISTA REYES<br><br>Apelado<br><br>v.<br><br>IMPORT SERVICE LLC y su presidente SAMUEL MEDINA RAMOS; COMPAÑÍA ABC; ASEGURADORA XYZ<br><br>Apelantes | TA2026AP00142 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV01488 (402)<br><br>Sobre: Solicitud de Orden (*Mandamus*), Orden de Cese y Desista y Sentencia Declaratoria |
| --- | --- | --- |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de abril de 2026.

Comparece ante nos Import Service, LLC y Samuel Ángel Medina Ramos ("señor Medina Ramos"), (en conjunto, "Parte Apelante") mediante un recurso de *Apelación* presentado el 9 de febrero de 2026. Nos solicitan la revisión de la *Sentencia* emitida y notificada el 19 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro primario declaró *Con Lugar* la petición de sentencia sumaria presentada por la señora Bridget Ballista Reyes ("señora Ballista Reyes" o "Parte Apelada"). En consecuencia, condenó a la Parte Apelante a pagar una cuantía de quince mil dólares ($15,000.00), en concepto de honorarios de abogados, por prolongar injustificadamente la dilucidación del pleito.

Por los fundamentos que expondremos a continuación, **revocamos** en parte la *Sentencia* apelada, a los únicos efectos de

eliminar la cuantía impuesta en concepto de honorarios de abogados.

## I.

**En aras de facilitar una cabal comprensión sobre la controversia que nos ocupa, conviene brindar una relación de hechos detallada respecto al tracto procesal que rodea al caso de epígrafe.**

Surge del expediente ante nos que, el 23 de marzo de 2025, la señora Ballista Reyes instó una *Demanda Jurada sobre Solicitud de Mandamus y Sentencia Declaratoria* contra de Import Service, y su presidente, el señor Mediana Ramos, al amparo de la de la Ley General de Corporaciones, Ley Núm. 164-2009, 14 LPRA sec. 3501, según enmendada.[1] En síntesis, alegó que contrajo matrimonio, bajo el régimen de sociedad legal de bienes gananciales, con el señor Medina Ramos el 17 de noviembre de 2003. No obstante, precisó que el vínculo matrimonial se disolvió 17 de mayo de 2024 por la vía judicial.[2] En cuanto a los méritos del caso, relató que, durante la vigencia del matrimonio, su excónyuge registró la compañía Import Service, sin contar con su consentimiento. En vista de ello, solicitó que se dictara una sentencia declaratoria que estableciera que la Parte Apelada es miembro de la corporación por entender que la empresa es un bien de naturaleza ganancial. Igualmente, peticionó la entrega de una serie de documentos relacionados con la operación del negocio, a saber:

> 4.9.1. que se permita a la Demandante Sa. Ballista Reyes inspeccionar y copiar de inmediato todos los libros corporativos de Import Service;
> Certificado de Organización;
> 4.9.5. acuerdo Operacional;
> 4.9.5 todos los informes anuales radicados;
> 4.9.7. todas las Minutas con sus correspondientes convocatorias;

---

[1] *Véase*, SUMAC TPI, Entrada 1.
[2] *Véase*, SUMAC TPI, Entrada 1, Anejo 3, págs. 1-3.

4.9.8. copia de todos los estados bancarios de los últimos veinticuatro meses;

4.9.9. copia de todo cheque o pago emitido por Import Service durante los últimos veinticuatro meses, con los documentos que evidencien la deuda;

4.9.10. los estados financieros de las cuentas corporativas donde se desglosan los gastos realizados y cargados contra la cuenta de la Compañía;

4.9.11. estado de cuenta a cobrar actualizado;

4.9.12. los estados financieros de la Compañía donde se incluya un desglose de las deudas corporativas con sus respectivas evidencias de deuda;

4.9.13. desglose actualizado (del último año), de la cuenta bancaria corporativa;

4.9.14. desglose de nóminas y cantidad a facturar por empleado (con nombre y número de cada empleado), actualizado hasta la fecha de entrega de estos documentos;

4.9.15. copia de todos los contratos otorgados por la Compañía;

4.9.16. un desglose de los pagos realizados por la Compañía a cada contratista, incluyendo, pero sin limitarse a los pagos realiza dos en efectivo;

4.9.17. y todos los documentos complementarios.[3]

Presentada su reclamación, el 2 de abril de 2025, el foro *a quo* celebró una vista argumentativa en atención al recurso extraordinario solicitado. Durante dicho proceso, la Parte Apelante, por conducto de su representación legal, esbozó los siguientes argumentos, según consta en la *Minuta,* notificada en igual fecha:

*La licenciada Rivera Pacheco indica que no tiene ningún acuerdo y desea discutir un asunto jurisdiccional de las alegaciones de la demanda* **surge una solicitud de mandamus que no está alegada, una solicitud de orden de cesar y desistir que no está claro si es bajo estatutario o bajo las Reglas de Procedimiento Civil y su posición es que ninguno de los dos procedería**. *Bajo la Ley 164 las alegaciones que está haciendo la parte demandante son articuladas que les aplica a corporaciones y es una entidad LLC y la parte demandante no es miembro y no cumple con el Articulo 18.2 para determinar si ella es miembro de la corporación y no tendría standing para solicitar nada en este procedimiento, por lo que el remedio adecuado es la presentación de una demanda de liquidación de bienes gananciales.*[4] (Énfasis nuestro).

Por su parte, la Parte Apelada, representada por su abogado, arguyó que es miembro de Import Service, al amparo del siguiente razonamiento:

*El licenciado Vázquez Pesquera* **indica que el argumento es contrario a derecho ya que la parte demandante es miembro de la compañía porque se creó mientras estaba bajo matrimonio y no hay capitulaciones, por lo que toda acción financiera es bien ganancial y toda compañía que se crea por uno de los miembros de la**

---

[3] Véase, SUMAC TPI, Entrada 1, págs. 4-5.
[4] *Véase*, SUMAC TPI, Entrada 13, págs. 1-2.

***sociedad legal de gananciales es ganancial.*** *La parte demandante es miembro de la corporación y es una corporación de responsabilidad limitada. Hace referente a los documentos que obra en el expediente para que tome conocimiento el Tribunal y pueda atender la vista de hoy.*[5] (Énfasis nuestro).

Tras escuchar sus respectivas argumentaciones, el foro primario les concedió a los Apelantes un término a vencer el 4 de abril de 2025 para exponer su posición respecto al asunto jurisdiccional esbozado. Adelantó que, una vez emitiera su determinación, establecería el próximo curso de acción a seguir.

En cumplimiento, la Parte Apelante presentó una *Solicitud de Desestimación* dentro del término establecido.[6] En esencia, señaló que las alegaciones contenidas en la *Demanda* se dirigen a las actuaciones personales del señor Medina Ramos. Por tanto, arguyó que Import Service no debe responder por tales acciones, toda vez que ocurrieron previo al registro de la corporación. Ante ese contexto, razonó que procedía desestimar la reclamación, pues consideró que las controversias presentadas en su contra debían atenderse en un pleito civil independiente sobre liquidación de bienes.

En respuesta, el 7 de abril de 2025, la señora Ballista Reyes radicó su *Oposición a Solicitud de Desestimación,* en la cual precisó que instó la *Demanda* en contra del presidente de Import Service, quien es el señor Medina Ramos.[7] Por consiguiente, puntualizó que, en ningún momento alegó que el presidente debía responder en su carácter personal. Reiteró que ella es miembro de la corporación registrada durante la vigencia de su matrimonio. Así explicado, adujo que tiene derecho a incoar esta causa de acción para solicitar la información concerniente a la operación del negocio. Por tanto, argumentó que no corresponde desestimar la

---

[5] *Véase*, SUMAC TPI, Entrada 13, pág. 2.
[6] *Véase*, SUMAC TPI, Entrada 14.
[7] *Véase*, SUMAC TPI, Entrada 18.

reclamación, pues su *Demanda* contiene alegaciones específicas en contra de los demandados, aquí Apelantes.

Examinados sus argumentos, el 10 de abril de 2025, el foro primario emitió *Resolución,* notificada en igual fecha, en la cual declaró *No Ha Lugar* la solicitud de desestimación.[8] Fundamentó su determinación en el siguiente razonamiento:

> En cuanto al señor Medina, no existe razón para desestimar en su contra. De los hechos queda claro que este demandado fue emplazado, por sus potenciales actuaciones personales, por tanto, no debemos desestimar la acción personal en contra del señor Medina por ser prematura.
>
> En cuanto a si debe o no ser emplazado como presidente, determinamos que una vez emplazada la corporación a través de su presidente se adquiere jurisdicción.
>
> Sobre Import, la parte demandada no hace alegación alguna que logre demostrar que, en este momento, debemos desestimar la demanda.[9]

Ahora bien, el foro *a quo* concluyó que no resultaba necesario atender la solicitud de *mandamus*, toda vez que la Ley General de Corporaciones, *supra*, provee un remedio específico para dilucidar la situación ante su consideración. Al respecto, anticipó que procedería a resolver, por la vía ordinaria, si la Parte Apelada es miembro de Import Service. De ser así, entonces adelantó que esta tendría derecho a recibir la documentación solicitada.

Continuados los procedimientos, el 30 de septiembre de 2025, el foro primario celebró una vista, según consta en la *Minuta* notificada el 6 de octubre de 2025.[10] Durante dicho proceso, puntualizó que la controversia que debe resolver es si la Parte Apelada es miembro de Import Service, por lo que, señaló una vista evidenciaria para el 7 de noviembre de 2025 a tales efectos.

Con posterioridad, el 2 de octubre de 2025, la señora Ballista Reyes presentó una *Solicitud de Sentencia Sumaria,* a la

---

[8] *Véase,* SUMAC TPI, Entrada 20.
[9] *Véase,* SUMAC TPI, Entrada 20, a la pág. 10.
[10] *Véase,* SUMAC TPI, Entrada 44.

cual adjuntó una serie de documentos.[11] En esta, explicó que en nuestro estado de derecho se presumen gananciales los bienes adquiridos en el matrimonio, mientras no se pruebe que pertenecen de manera privativa a cualquiera de los cónyuges. Amparada en esa normativa, reiteró que es miembro de Import Service LLC, por haberse creado durante la vigencia del matrimonio con el señor Medina Ramos. Así las cosas, relató que la Parte Apelante no le permitió acceso a los documentos concernientes a las operaciones del negocio. A raíz de ello, señaló que no existe controversia respecto a tales hechos, por lo que, adujo que procedía dictar sentencia sumaria y ordenar la entrega inmediata de la documentación solicitada. A su vez, requirió la confección de un informe de valoración de Import Service y el nombramiento de un administrador judicial. Por último, peticionó la imposición de quince mil dólares ($15,000.00) en concepto de honorarios de abogado.

Durante ese día, el foro primario emitió *Resolución,* notificada en igual fecha, mediante la cual concedió el término de veinte (20) días para que la Parte Apelante presentara su posición en torno a la moción de sentencia sumaria.[12] No obstante, el 22 de octubre de 2025, el señor Medina Ramos e Import Service sometieron una *Solicitud de Prórroga Final* acompañada de evidencia documental.[13] En esta moción, su representación legal informó que se encontraba indispuesta de salud. Por tanto, solicitó un término adicional hasta el 7 de diciembre de 2025 para presentar el escrito de oposición a la sentencia sumaria. Asimismo, solicitó un nuevo señalamiento para celebrar la vista evidenciaria pautada para el el 7 de noviembre de 2025.

---

[11] *Véase,* SUMAC TPI, Entrada 42. En particular, la señora Ballista Reyes sometió los siguientes documentos ante la consideración del foro *a quo*: (1) *Sentencia de Divorcio,* (2) carta de requerimiento de información, (3) *Certificación de Organización* de Import Service, LLC, y (4) *Declaración Jurada.*
[12] *Véase,* SUMAC TPI, Entrada 43.
[13] *Véase,* SUMAC TPI, Entrada 45.

Examinada su petición, el 23 de octubre de 2023, el foro *a quo* dictó *Orden*, mediante la cual decretó que se presentaran tres (3) fechas hábiles a tales efectos, y a su vez, requirió que se acreditara la cancelación de sellos de suspensión.[14]

De conformidad con lo anterior, el 31 de octubre de 2025, la Parte Apelante radicó una *Moción en Cumplimiento de Orden*, en la cual acreditó que canceló el sello correspondiente en solicitud a la suspensión de vista, y a su vez, recordó que presentaría la oposición para el 7 de diciembre de 2026.[15] En consideración a la vista evidenciaria, brindó tres fechas hábiles, entiéndanse, 16 de diciembre de 2025 y el 13 y 14 de enero de 2025.

Sin embargo, en igual fecha, la señora Ballista Reyes interpuso una *Réplica a "Moción en Cumplimiento de Orden"*.[16] Arguyó que, aún la Parte Apelante no le había suministrado la documentación requerida, a pesar de haber instado la *Demanda* hace siete (7) meses atrás. Insistió en que no existe razón alguna por la cual el foro *a quo* demore en conceder el remedio solicitado y atender el caso en sus méritos por la vía sumaria. A tales efectos, peticionó señalar la vista evidenciaria para el mes de noviembre.

Examinadas sus solicitudes, el foro primario emitió y notificó *Orden* el 3 de noviembre de 2025.[17] En virtud de este dictamen, subrayó que el sello cancelado no corresponde a la suspensión de vista. Por tanto, dispuso que el señalamiento del procedimiento aludido se mantiene para la fecha acordada.

En desacuerdo, ese día, la Parte Apelante radicó un escrito intitulado *Reconsideración*.[18] De manera específica, su representante legal indicó que aún se encontraba indispuesta de salud. Por ende, solicitó que se reconsiderara la *Orden* que

---

[14] *Véase*, SUMAC TPI, Entrada 46.
[15] *Véase*, SUMAC TPI, Entrada 47.
[16] *Véase*, SUMAC TPI, Entrada 48.
[17] *Véase*, SUMAC TPI, Entrada 49.
[18] *Véase*, SUMAC TPI, Entrada 51.

antecede, y en efecto, peticionó lo siguiente: (1) la suspensión de la vista evidenciaria señalada para el 7 de noviembre de 2025; (2) la concesión de un término de diez (10) días, a partir del 23 de noviembre de 2025, para presentar la oposición; y (3) la declaración de la cancelación del sello requerido.

Tras examinar la reconsideración presentada, el 4 de noviembre de 2025, el foro *a quo* emitió *Orden,* mediante la cual resolvió que el pago del sello se acreditó correctamente.[19] En consecuencia, declaró *Con Lugar* la solicitud de posposición de la vista. Dispuso, además que, la vista podrá ser reinstalada luego de evaluar en sus méritos la solicitud de sentencia sumaria pendiente de replicar dentro del término adicional solicitado.

No obstante, llegado el día para presentar la oposición, el 3 de diciembre de 2025, la Parte Apelante presentó una *Moción en Cumplimiento de Orden.*[20] Informó que determinó proveerle los siguientes documentos a la señora Ballista Reyes, a saber:

> 4.9.1. que se permita a la Demandante Sa. Ballista Reyes inspeccionar y copiar de inmediato todos los libros corporativos de Import Service;
> 4.9.2. la Relación de Miembros;
> 4.9.3. el Registro de Miembros;
> 4.9.4. el Certificado de Organización;
> 4.9.5. el Acuerdo Operacional;
> 4.9.6. todos los informes anuales radicados;
> 4.9.8. copia de todos los estados bancarios de los últimos veinticuatro meses;
> 4.9.9. copia de todo cheque o pago emitido por Import Service durante los últimos veinticuatro meses, con los documentos que evidencien la deuda; 4.9.10. los estados financieros de las cuentas corporativas donde se desglosan los gastos realizados y cargados contra la cuenta de la Compañía;
> 4.9.11. estado de cuentas a cobrar actualizado;
> 4.9.12. los estados financieros de la Compañía donde se incluya un desglose de las deudas corporativas con sus respectivas evidencias de deuda;
> 4.9.13. desglose actualizado (del último año), de la cuenta bancaria corporativa;
> 4.9.14. desglose de nóminas y cantidad a facturar por empleado (con nombre y número de cada empleado), actualizado hasta la fecha de entrega de estos documentos;
> 4.9.15. copia de todos los contratos otorgados por la Compañía;
> 4.9.16. un desglose de los pagos realizados por la Compañía a cada contratista, incluyendo, pero sin limitarse

---

[19] *Véase,* SUMAC TPI, Entrada 52.
[20] *Véase,* SUMAC TPI, Entrada 53.

a los pagos realizados en efectivo; y todos los documentos complementarios.[21]

Por consiguiente, la Parte Apelante peticionó un término de diez (10) días para recopilar la totalidad de la documentación aludida. **Razonó que una vez entregue los documentos solicitados, la controversia central del caso quedaría resuelta. Por lo que, indicó que no sería necesario presentar la oposición ni atender la solicitud de sentencia sumaria interpuesta por la Parte Apelada.**

Tras examinar su petición, el 4 de diciembre de 2025, el foro primario emitió y notificó *Orden*, mediante la cual otorgó a los Apelantes el término de diez (10) días para entregar los documentos.[22]

En igual fecha, la señora Ballista Reyes presentó una *Oposición a "Moción en Cumplimiento de Orden" y Solicitud Para Que Se Tenga el Caso por Sometido".*[23] **En esencia, arguyó que los documentos que se le pretenden entregar no son los que solicitó en la *Demanda*. Por ello, peticionó que se entendiera sometida la moción de sentencia sumaria, y consecuentemente, se resolviera el caso en sus méritos. Además, solicitó el pago de diez mil dólares ($10,000.00) en concepto de honorarios.**

Considerados los señalamientos de ambas partes, el 8 de diciembre de 2026, el foro primario emitió y notificó *Orden*, en la cual determinó que el plazo concedido para la entrega de los documentos vencería el 14 de diciembre de 2025.[24] Adelantó que el incumplimiento conllevaría dar por sometida la moción de sentencia sumaria sin oposición y advirtió que no se concedería término adicional a esos fines. Asimismo, decretó que la parte

---

[21] *Véase,* SUMAC TPI, Entrada 53, págs. 1-2.
[22] *Véase,* SUMAC TPI, Entrada 54.
[23] *Véase,* SUMAC TPI, Entrada 55.
[24] *Véase,* SUMAC TPI, Entrada 56.

demandante, aquí Apelada, tendría hasta el 19 de diciembre de 2025 para notificar si recibió todos los documentos. Informó, también que, evaluaría la solicitud de honorarios de abogado de conformidad con la Regla 44 de Procedimiento Civil, 32 LPRA AP. V, R. 44.

**A la luz de lo anterior, el 12 de diciembre de 2025, el señor Medina Ramos e Import Service radicaron una *Moción Informativa,* en la cual indicaron que le remitieron a la Parte Apelada la documentación solicitada.[25]**

Sin embargo, 16 de diciembre de 2025, la señora Ballista Reyes sometió un escrito denominado *Cumplimiento de Orden y Solicitud Para Que Se Tenga por Sometido el Caso.*[26] **En esta, arguyó que los Apelantes no le remitieron los documentos según solicitados**. **Por tal motivo, peticionó nuevamente que se dictara sentencia sumaria para materializar la entrega de la documentación. En consecuencia, solicitó la imposición de honorarios de abogados en contra de la Parte Apelante**.

**Ante tal argumento, el 16 de diciembre de 2025, el señor Medina Ramos e Import Service sometieron una *Moción Aclaratoria Urgente,* a la cual adjuntaron un documento sobre el correo electrónico relativo a la entrega de la documentación remitida a la parte Apelada**.[27] **Sin embargo, en igual fecha, la señora señora Ballista Reyes presentó una *Réplica a Moción Aclaratoria Urgente.*[28] Puntualizó que, aún no había recibido los documentos solicitados extrajudicialmente. Por consiguiente, reiteró que procede conceder la solicitud de sentencia sumaria.**

---

[25] *Véase,* SUMAC TPI, Entrada 57.
[26] *Véase,* SUMAC TPI, Entrada 59.
[27] *Véase,* SUMAC TPI, Entrada 60, Anejo I, pág. 1.
[28] *Véase,* SUMAC TPI, Entrada 61.

En reacción, ese día, la Parte Apelante sometió una *Moción Informativa*, a la cual adjuntó prueba documental.[29] Al respecto, detalló que envió la documentación requerida a tres correos electrónicos diferentes. Sin embargó adujo que recibió una notificación de *auto-reply*, cuyo contenido establecía que la representación legal de la Parte Apelada estaría fuera de la oficina hasta el 18 de diciembre de 2025. Asimismo, informó que tenía la alternativa de entregar la documentación mediante un *pendrive* o por la nube digital. En vista de ello, advirtió que cumplió con la orden, previo al vencimiento del término establecido por el foro primario.

No obstante, durante ese día, entiéndase, el 16 de diciembre de 2025, la Parte Apelada sometió una *Réplica a "Moción Informativa"*, mediante la cual argumentó que los Apelantes no enviaron los documentos, según lo solicitado.[30] Por tanto, reiteró que procede la concesión de honorarios por razón de temeridad.

Por su parte, el 17 de diciembre de 2026, el señor Medina Ramos e Import Service presentaron su *Oposición A Mociones Contenidas En las Entradas 59, 61 y 63 de SUMAC*.[31] En este escrito, informaron que entregaron los documentos a la Parte Apelada. También, expresaron que quedaron a su disposición a los fines de remitirle aquella documentación faltase de entregar, de así considerarse. Por otro lado, reconocieron que, "[s]i el servidor de correo de la parte demandante carecía de capacidad para recibir archivos del tamaño enviado, ello es un problema técnico ajeno a los Demandados y no constituye incumplimiento procesal".[32] Asimismo, arguyeron que la señora Ballista Reyes intenta, por medio de argumentos

---

[29] *Véase,* SUMAC TPI, Entrada 62, Anejo I, pág. 1.
[30] *Véase,* SUMAC TPI, Entrada 63.
[31] *Véase,* SUMAC TPI, Entrada 64.
[32] *Véase,* SUMAC TPI, Entrada 64, pág. 1.

**técnicos, solicitar sentencia sumaria y honorarios en una etapa prematura de los procedimientos**.

No obstante, ese día, la Parte Apelada radicó una *Nueva Solicitud para que Se Resuelva el Caso en los Méritos*.[33] Contextualizó que, el 10 de abril de 2025, el foro *a quo* emitió *Resolución*, en la cual dictaminó que la Parte Apelante mostrara prueba para rebatir la presunción en cuanto a que la señora Ballista es miembro de Import Service. Señaló que tal dictamen advino final y firme, pues no se recurrió a nivel apelativo para su impugnación. Así explicado, aseveró que el caso está listo para su adjudicación, por lo que, argumentó que procedía dictar los remedios solicitados. También, peticionó la imposición de honorarios por razón de temeridad en contra de la Parte Apelante.

Luego de examinar los argumentos esbozados, el 19 de diciembre de 2025, emitió *Sentencia,* notificada en igual fecha, en la cual declaró *Ha Lugar* la solicitud de sentencia sumaria.[34] En virtud de este dictamen, estableció que "[a] la fecha de hoy no surge del expediente moción en oposición a la solicitud de sentencia sumaria presentada por la parte demandada".[35] Por consiguiente, formuló las siguientes determinaciones fácticas incontrovertidas, previamente dictaminadas en la *Resolución* notificada el 10 de abril de 2025:

1. *Las partes se casaron en el 2003, bajo el régimen de sociedad de bienes gananciales.*
2. *El señor Medina abrió un taller de mecánica, cuyo nombre era Import Service, en el 2008, casado con la señora Ballista.*
3. *Este codemandado creó a Importa Service LLC, en o alrededor del 14 de agosto de 2023.*
4. *Esta empresa se dedica a lo mismo que hacia el señor Medina en su taller de mecánica, antes de incorporar el mismo.*
5. *El señor Medina incorporó los servicios de mecánica que ya ofrecía.*

---

[33] *Véase,* SUMAC TPI, Entrada 65.
[34] *Véase,* SUMAC TPI, Entrada 67.
[35] *Véase,* SUMAC TPI, Entrada 67, pág. 1.

6. *El señor Medina y la señora Ballista se divorciaron el 17 de mayo de 2024, a menos de un año después de haberse creado Import Service.*[36]

De conformidad con lo anterior, resolvió que existe una presunción de que la señora Ballista Reyes es miembro de Import Service. En vista de tales circunstancias, ordenó la entrega de la información solicitada en su reclamación. Además, le impuso a los Apelantes el pago de quince mil dólares ($15,000.00) en concepto de gastos y honorarios por temeridad, de conformidad con el siguiente pronunciamiento:

> Se imponen $15,000.00 en gastos y honorarios al codemandado por temeridad. Al evaluar las circunstancias del pleito llegamos a la conclusión de que este caso se prolongó por causas atribuibles a la parte demandada. Esto, aunque alegue que entregó los documentos solicitados en la demanda el 12 de diciembre de 2025, no pasamos por alto que la demanda se presentó el 23 de marzo de 2025. Además, no tenemos la certeza de que efectivamente la documentación solicitada en la demanda haya sido provista a la parte demandante. Las múltiples mociones entre los representantes legales al respecto lo ponen en entredicho.[37]

Oportunamente, el 7 de enero de 2026, la Parte Apelante presentó una *Solicitud de Reconsideración.*[38] En esta, alegó que, previo al vencimiento del término, le entregó a la señora Ballista Reyes los documentos solicitados por esta. Sin embargo, indicó que "[l]a otra parte dijo que no recibió los documentos, no porque no se lo hubiesen enviado, sino porque su sistema de e-mail no tiene el almacenamiento necesario para recibirlos".[39] Ante tales circunstancias, expresó que, por segunda ocasión, le entregó la documentación a la Parte Apelada, pero esta alegó la misma situación. En vista de lo anterior, sostuvo que no procedía resolver el caso por la vía sumaria, pues manifestó que, si el tribunal tenía duda respecto a la entrega de los documentos, debió haber dado la oportunidad de aclararlo. Por tal razón, impugnó la imposición de

---

[36] *Véase* SUMAC TPI, Entrada 67, págs. 5-6.
[37] *Véase* SUMAC TPI, Entrada 67, pág. 8.
[38] *Véase* SUMAC TPI, Entrada 70.
[39] *Véase* SUMAC TPI, Entrada 70, pág. 7.

honorarios, pues contempló que no incurrió en conducta temeraria.

Luego de evaluar su escrito, el 9 de enero de 2026, el foro primario emitió y notificó *Resolución,* en la cual declaró *No Ha Lugar* la solicitud de reconsideración presentada por la Parte Apelante.[40]

Inconforme con tal proceder, el 9 de febrero de 2026, Import Service LLC y el señor Medina Ramos recurrieron ante este Tribunal de Apelaciones mediante un recurso de *Apelación*. En su escrito, presentaron el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SENTENCIA MEDIANTE LA CUAL IMPUSO $15,000.00 DE HONORARIOS DE ABOGADO POR TEMERIDAD.

El 11 de febrero de 2026, esta Curia emitió *Resolución*, en la cual concedió a la Parte Apelada hasta el 11 de marzo de 2026 para radicar su alegato. En cumplimiento, el 25 de febrero de 2026, la señora Medina Ramos presentó su *Oposición a la Apelación*.

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica pertinente a la controversia ante nuestra consideración.

## II.
### *Honorarios de abogado por temeridad*

La Regla 44(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(b), otorga a los tribunales la facultad de imponer honorarios en aquellos casos en los cuales el abogado de una parte incurre en temeridad o frivolidad. Este mecanismo procesal consiste en una penalidad contra aquel litigante perdidoso, quien, por su terquedad, obstinación, contumacia e insistencia, obliga a la otra parte a asumir las molestias, los gastos, el trabajo y las inconveniencias de un pleito. *Torres Montalvo v. Gobernador ELA,*

---

[40] Véase SUMAC TPI, Entrada 74.

194 DPR 760, 778 (2016); *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010) (citando a *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987)). Ahora bien, la imposición de honorarios de abogado no procede en todos los casos. *PR Fast Ferries et al. v. AAPP*, 213 DPR 103, 115 (2023). Por tanto, su concesión está limitada a la determinación de temeridad o frivolidad por parte del tribunal, según lo establece la Regla 44(b) de Procedimiento Civil, *supra*.

En ese sentido, la temeridad es aquel comportamiento que incide en los procesos judiciales y afecta tanto el buen funcionamiento de los tribunales, como la administración de la justicia. *Torres Montalvo v. Gobernador ELA, supra*, pág. 778; *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 212 (2013). A tales efectos, el Tribunal Supremo de Puerto Rico ha delimitado una serie de circunstancias constitutiva de temeridad, a saber:

> (1) contestar una demanda y negar responsabilidad total, aunque se acepte posteriormente; (2) defenderse injustificadamente de la acción; (3) creer que la cantidad reclamada es exagerada y que sea esa la única razón que se tiene para oponerse a las peticiones del demandante sin admitir francamente su responsabilidad, pudiendo limitar la controversia a la fijación de la cuantía a ser concedida; (4) arriesgarse a litigar un caso del que se desprendía *prima facie* su responsabilidad, y (5) negar un hecho que le conste es cierto a quien hace la alegación. *C.O.P.R. v. S.P.U.*, 181 DPR 299, 342 (2011); *Blás v. Hosp. Guadalupe*, 146 DPR 267, 335-336 (1998).

También, nuestro Máximo Foro estatal ha precisado que existe temeridad cuando una parte: (1) insiste en alegar algo sin alguna prueba fehaciente, (2) niega los hechos que le constan o son de fácil corroboración y (3) dilata los procedimientos judiciales para no responder por sus obligaciones. *Consejo Titulares v. MAPFRE*, 2024 TSPR 140, 215 DPR ___ (2024); *SLG González-Figueroa v. SLG et al*, 209 DPR 138, 149-150 (2022).

No obstante, la imposición de honorarios no opera automáticamente, puesto que depende de la determinación discrecional que haga el tribunal en torno a si la parte perdidosa o

su abogado actuó con temeridad o frivolidad. *PR Fast Ferries et al. v. AAPP, supra,* pág. 115. **En esa línea, la jurisprudencia vigente establece que no existe temeridad cuando el litigante actúa, a la luz de una apreciación errónea de una cuestión de derecho, y no hay precedentes sobre la cuestión, o cuando existe alguna desavenencia honesta en cuanto a quién favorece el derecho aplicable según los hechos del caso**. *Consejo Titulares v. MAPFRE, supra* (citando a *Oliveras, Inc. v. Universal Ins. Co.,* 141 DPR 900, 936 (1996)). **Tampoco procede la concesión de honorarios en aquellos litigios que encierran planteamientos complejos y novedosos aún no resueltos en nuestra jurisdicción**. *Meléndez Vega v. El Vocero De PR,* 189 DPR 123, 212 (2013); *Maderas Tratadas v. Sun Alliance et al.,* 185 DPR 880, 926 (2012).

Ahora, si el tribunal determina que un abogado incurrió en temeridad, le corresponde examinar las siguientes consideraciones al momento de fijar la cuantía, en concepto de honorario:

> *Al imponer honorarios de abogado a la parte temeraria, los tribunales descansarán en su discreción y determinarán la cuantía que aplicarán por: (1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada, y (5) el nivel profesional de los abogados. C.O.P.R. v. S.P.U., supra,* pág. 342. Véase, también, *Blás v. Hosp. Guadalupe, supra,* pág. 336.

Esta determinación recae en la discreción del tribunal, por lo que, su revisión está limitada a la existencia de abuso de discreción. *Consejo Titulares v. MAPFRE, supra; Santiago v. Sup. Grande,* 166 DPR 796, 820-821 (2006). Así pues, la discreción judicial se "nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *Citibank et al. v. ACBI et al.,* 200 DPR 724 (2018) (citando a *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013)). No obstante, a la luz de esta normativa, los foros apelativos revisores debemos

intervenir ante el ejercicio irrazonable o abusivo de la discreción judicial. Sobre este particular, el Tribunal Supremo ha precisado que el abuso de discreción surge en las siguientes instancias:

> [C]uando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *Rivera et al. v. Arcos Dorados et al*, 212 DPR 194, 210-211 (2023); *SLG Zapata-Rivera v. J.F. Montalvo, supra*, pág. 435.

Ahora bien, si no median tales circunstancias, los foros apelativos debemos abstenernos de ejercer nuestras facultades revisoras ante el adecuado ejercicio de discreción por parte del tribunal sentenciador. Lo anterior responde a que "[l]a determinación de si una parte ha actuado o no con temeridad descansa en la discreción del tribunal, por lo que sólo intervendremos cuando surja de tal actuación un claro abuso de discreción". *Andamios de PR v. Newport Bonding, supra,* pág. 520.

### III.

En el recurso de epígrafe, la Parte Apelante argumenta que no incurrió en conducta temeraria que justificara la imposición de honorarios por temeridad por la suma de quince mil dólares ($15,000.00). Arguye que se suscitaron una serie de incidencias procesales que evidencian controversias legítimas de hechos y derecho respecto a la alegada presunción de gananciabilidad de la corporación y la entrega de los documentos. Bajo este cuadro fáctico, sostiene que no actuó con frivolidad ni obstinación. Por tales circunstancias, aduce que la conclusión de temeridad alcanzada carece de base en el expediente y no se sostiene a la luz del estándar aplicable.

En oposición, la señora Ballista Reyes indica que la Parte Apelante incurrió en temeridad, pues debió aceptar la realidad

legal en cuanto a la presunción de ganancialidad de Import Service para así permitirle el acceso a los documentos requeridos. Sin embargo, acentuó que los Apelantes dilataron el procedimiento mediante sus aseveraciones relacionadas con la entrega de la documentación, lo implicó que este tuviera que presentar de escritos adiciones y gastos evitables. Por tanto, razona que debe sostenerse la cuantía concedida en concepto honorarios de abogado.

De entrada, establecemos que nuestro análisis está limitado a evaluar si el foro primario actuó correctamente al imponer los honorarios de abogados aquí impugnados. Por tanto, puntualizamos que no nos compete examinar si procedía o no dictar sentencia sumaria en este caso, toda vez que la Parte Apelante no esbozó señalamiento a tales fines. Con esta precisión en mente, pasemos a resolver la controversia ante nuestra consideración.

Luego de un examen sosegado del recurso que nos ocupa, a la luz del estado de derecho vigente, determinamos que el foro *a quo* erró al condenar a la Parte Apelante a pagar una cuantía de quince mil dólares ($15,000.00), en concepto de honorarios. Adelantamos que tal determinación excede los parámetros de razonabilidad que rigen nuestro estado de derecho, y se distancia del historial procesal que rodea a este caso. Veamos.

Surge del expediente ante nos que, la Parte Apelante actuó de manera diligente durante la ventilación del caso ante el foro *a quo*. En ese sentido, compareció a los señalamientos establecidos por el tribunal; solicitó de manera oportuna prórroga con la indicación adecuada de justificación debidamente acreditada; y presentó los escritos correspondientes a las órdenes del tribunal. Igualmente, dentro del marco de razonabilidad, brindó información pertinente y argumentos legítimos, es decir, no frívolos, respecto a

la entrega de los documentos requeridos por la señora Ballista Reyes.

Ahora bien, somos conscientes de que durante la tramitación del pleito surgió una controversia genuina, producto de una serie discrepancias fácticas entre las partes, derivadas del ejercicio natural de la litigación civil. Al respecto, contemplamos que la Parte Apelante continuamente indicó que remitió los documentos al correo electrónico del representante legal de la señora Ballista Reyes dentro del término ordenado. Asimismo, reconoció que, al someter la documentación a dicho correo electrónico, enfrentó ciertas incidencias técnicas, tales como mensajes automatizados y problemas para descargar los mismos por motivos del sistema de almacenamiento electrónico del abogado de la señora Ballista Reyes.[41]

No obstante, a pesar de tales retos, la Parte Apelante consideró que entregó diligentemente la documentación solicitada y presentó prueba documental acreditativa. A raíz de tal circunstancia, razonó que no tenía que someter la oposición a la sentencia sumaria, por entender que no procedía la concesión de tal remedio, pues entregó los documentos requeridos y se colocó a la disposición de la Parte Apelada, en caso de considerar que faltaba alguna otra documentación. En contraposición, la señora Ballista Reyes de modo continuo sostuvo que no recibió los documentos según solicitados. Por ende, argumentó que correspondía dictar sentencia sumaria y ordenar la entrega inmediata de la documentación requerida desde la presentación de la *Demanda*.

Ante tales circunstancias, no advertimos una conducta constitutiva de temeridad que amerite la concesión de los quince mil dólares ($15,000.00), en concepto de honorarios en contra de

---

[41] Véase SUMAC TPI, Entrada 70, pág. 7.

la representación legal del señor Medina Ramos e Import Service. **Un examen detenido del historial procesal del caso nos permite contemplar que la conducta desplegada por la Parte Apelante no denota terquedad, contumacia, ni obstinación. Al contrario, colegimos que su actuación respondió a una apreciación errónea sobre un asunto fáctico, el cual también generó una controversia adjudicable respecto a quién favorece el derecho.**

En vista de ello, concluimos que no identificamos las condiciones jurídicas que nos motiven sostener la concesión de los honorarios por temeridad impuesta. Por consiguiente, revocamos en parte de la *Sentencia* apelada, a los únicos efectos de eliminar la cuantía de quince mil dólares ($15,000.00) otorgada en concepto de honorarios contra la representación legal de la Parte apelante.

## IV.

Por los fundamentos expuestos, **revocamos** en parte la Sentencia emitida el 19 de diciembre de 2025, por el Tribunal de Primera Instancia, a los únicos efectos de eliminar la cuantía de quince mil dólares ($15,000.00) otorgada en concepto de honorarios contra la representación legal de Import Service y el señor Medina Ramos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones